1  FREDRIC D. WOOCHER (SBN 96689)
   MICHAEL J. STRUMWASSER (SBN 58413)
2  BRYCE A. GEE (SBN 222700)
   STRUMWASSER & WOOCHER LLP
3  100 Wilshire Boulevard, Suite 1900
   Santa Monica, California 90401
4  Telephone:   (310) 576-1233
5  Facsimile:   (310) 319-0156

6  J. WILLIAM YEATES (SBN 84343)
   KEITH G. WAGNER (SBN 210042)
7  JASON R. FLANDERS (SBN 238007)
   LAW OFFICE OF J. WILLIAM YEATES
8  3400 Cottage Way, Suite K
   Sacramento, CA 95825
9  Telephone: (916) 609-5000
   Facsimile: (916) 609-5001
10

11  Attorneys for Petitioners and Plaintiffs

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                  FOR THE COUNTY OF MONTEREY

15

16  RANCHO SAN JUAN OPPOSITION              CASE NO. **M   78760**
17  COALITION; CITIZENS FOR RESPONSIBLE
18  GROWTH; and JULIE ENGELL,               VERIFIED PETITION FOR WRIT
                                            OF MANDATE AND COMPLAINT
19                  Petitioners and Plaintiffs,   FOR INJUNCTIVE AND
                                            DECLARATORY RELIEF
20
        v.
21
22  BOARD OF SUPERVISORS OF THE             **BY FAX**
    COUNTY OF MONTEREY; TONY
23  ANCHUNDO, in his capacity as MONTEREY
24  COUNTY REGISTRAR OF VOTERS;
    COUNTY OF MONTEREY; and DOES 1
25  through 10, inclusive,
26
                    Respondents and Defendants.
27

28

Printed on Recycled Paper

VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

FILED

APR 0 3 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY
J. RODRIGUEZ

COME NOW Petitioners and Plaintiffs Rancho San Juan Opposition Coalition, Citizens for Responsible Growth, and Julie Engell, and allege as follows:

<u>INTRODUCTION</u>

1. Petitioners and Plaintiffs ("Petitioners") in this action seek an order commanding the Monterey County Board of Supervisors to reinstate Measure C on the ballot for the June 6, 2006, statewide primary election. That measure, initiated by Petitioners' Referendum Against Resolution No. 05-305, submits to the voters the question of whether to repeal Resolution No. 05-305, which was enacted by the Board of Supervisors in order to allow the development of a massive golf-residential subdivision in Monterey County. The referendum petition circulated by Petitioners was signed by more than 15,614 registered voters in the county, was duly certified by Monterey County Registrar of Voters Tony Anchundo as qualifying for the ballot, and was ordered to be placed on the June 6, 2006, election ballot by the Monterey County Board of Supervisors.

2. On March 28, 2006, however, ***in direct violation of state law and controlling judicial authority***, Respondent Monterey County Board of Supervisors reversed course and voted to withdraw this referendum from the June ballot, thereby negating the constitutional rights of the thousands of Monterey County citizens who signed the referendum. Petitioners therefore seek immediate relief from this Court to compel Respondents to comply with the law and to vindicate the electorate's precious right to amend legislation by referendum.

3. Time is of the essence in this matter. Respondent Board of Supervisors' last-minute decision to remove Measure C from the June ballot — well after the statutory deadline for withdrawing a measure from the ballot had passed — was conspicuously timed to leave Petitioners with very little time to obtain judicial review of that decision. Respondent Monterey County Registrar of Voters Tony Anchundo previously represented in the federal action *In re County of Monterey Initiative Matter*, Case No. C 06-01407, that the Registrar must have a judicial decision by April 12, 2006, in order for a measure to be included on the composite ballot for the June 6, 2006, election, and no later than April 21 if it is to be included on a supplemental ballot.

1

1

2      4.     Petitioner RANCHO SAN JUAN OPPOSITION COALITION is a coalition

3 that was formed in 2002 comprising individuals and organizations committed to responsible

4 growth and responsible land use in Monterey County, and it is one of the proponents of the

5 "Referendum Against Resolution No. 05-305." Among the individual members of Petitioner

6 Rancho San Juan Opposition Coalition are residents, taxpayers, and registered voters of the

7 County of Monterey. Petitioner Rancho San Juan Opposition Coalition has a beneficial

8 interest in ensuring that the Monterey County Board of Supervisors complies with its

9 mandatory and ministerial obligations under the California Elections Code in order to secure

10 the constitutional rights of Monterey County voters to amend legislation through their

11 reserved referendum powers.

12      5.     Petitioner CITIZENS FOR RESPONSIBLE GROWTH is an community

13 organization based in Salinas whose mission is to inspire and promote sound land use

14 policies at the city, county, and regional levels through grassroots community action.

15 Citizens for Responsible Growth represents the interests of numerous individuals, the vast

16 majority of whom reside in Monterey County and are taxpayers, registered voters, and

17 electors of Monterey County. Petitioner Citizens for Responsible Growth was instrumental

18 in securing the qualification of "Referendum Against Resolution No. 05-305." Petitioner

19 Citizens for Responsible Growth has a beneficial interest in ensuring that the Monterey

20 County Board of Supervisors complies with its mandatory and ministerial obligations under

21 the California Elections Code in order to secure the constitutional rights of Monterey County

22 voters to amend legislation through their reserved referendum powers.

23      6.     Petitioner JULIE ENGELL is a resident, taxpayer, registered voter and elector

24 of the County of Monterey. Petitioner Engell is the Chairperson of the Rancho San Juan

25 Opposition Coalition and was instrumental in securing the qualification of "Referendum

26 Against Resolution No. 05-305." Petitioner Engell has a beneficial interest in ensuring that

27 the Monterey County Board of Supervisors complies with its mandatory and ministerial

28 obligations under the California Elections Code in order to secure the constitutional rights

of Monterey County voters to amend legislation through their reserved referendum powers

7.  Respondent and Defendant ("Respondent") BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY ("Board of Supervisors") is the governing body of the County of Monterey vested with various legislative, administrative, and executive duties, functions, and responsibilities under state and local law. Among the duties and responsibilities of the Board of Supervisors mandated by state law is the duty to comply with the California Elections Code, including section 9145, which requires the Board of Supervisors either to repeal the ordinance against which a referendum petition is filed or to submit the ordinance to the voters at the next regularly scheduled county election, and section 9605, which prevents any legislative body from amending or withdrawing a measure from the ballot after the 83rd day prior to the election.

8.  Respondent TONY ANCHUNDO is the Registrar of Voters of the County of Monterey and is sued herein in his official capacity. Among the duties and responsibilities of the County Registrar is the responsibility as the County's election official to certify all proposed referendum measures to the Board of Supervisors and to make all necessary arrangements for and to supervise the holding of all county and statewide elections, including the upcoming June 6, 2006, statewide primary election.

9.  Respondent COUNTY OF MONTEREY is a political subdivision of the State of California, organized and existing as a general law county under the laws of the State of California.

10.  Petitioners are unaware of the true names and capacities of Respondents and Defendants DOES 1-10, inclusive, and they are therefore sued by such fictitious names pursuant to California Code of Civil Procedure section 474. Petitioners allege on information and belief that each such fictitiously named Respondent and Defendant is responsible or liable in some manner for the events and happenings referred to herein, and Petitioners will seek leave to amend this Petition and Complaint to allege their true names and capacities after the same have been ascertained.

## GENERAL ALLEGATIONS

11.     Petitioners are the proponents of the Referendum Against Resolution No. 05-305 (Rancho San Juan - Butterfly Village) (the "Referendum"), which seeks to repeal Resolution No. 05-305, a resolution passed by Respondent Board of Supervisors that would amend certain provisions of the Monterey County General Plan, the Greater Salinas Area Plan Land Use Plan, and the Guidelines in the Rancho San Juan Area of Development Concentration Development Guidelines and Principles, in order to allow the wide-scale development of an enormous 671-acre golf-residential subdivision to be located in Monterey County. This development, among other ills, threatens to significantly exacerbate housing, traffic, water quality, and water supply problems, reduce the service capabilities of local police, fire, and other agencies, and undermine the local economy.

12.     Immediately after the Board of Supervisors enacted Resolution No. 05-305 on November 7, 2005, Petitioners, aided by a groundswell of opposition to this resolution, began circulating the Referendum petition to voters of Monterey County for signatures. On December 6, 2005, Petitioners filed with the Registrar of Voters 1,193 petition sections, containing a total of 15,614 signatures, in support of the Referendum petition against Resolution No. 03-305. In order to force election on this resolution, Petitioners only needed to submit valid signatures of 8,697 registered voters in Monterey County, representing not less than ten percent (10%) of the total number of votes cast in the county for all candidates for governor in the most recent gubernatorial election.

13.     On January 18, 2006, Registrar of Voters Anchundo completed his verification of the signatures on the referendum petition and certified that the petition had been signed by 12,601 registered voters in the County of Monterey — almost 50% more than the number needed to qualify the referendum measure for the ballot. (A true and correct copy of the Certificate of Registrar, certifying the sufficiency of the Referendum Against Resolution No. 03-305, is attached hereto as Exhibit A.) The Registrar of Voters certified the results of his examination to Respondent Monterey County Board of Supervisors at its next regularly scheduled meeting on January 24, 2006.

4

14. At this meeting, Respondent Board of Supervisors determined not to repeal Resolution No. 05-305, and instead ordered that the referendum measure, which would be titled "Measure C," be placed on the June 6, 2006, ballot, as required by Elections Code section 9145. (See Resolution No. 06-027, a copy of which is attached hereto as Exhibit B.) Subsequently, the Clerk of the Board of Supervisors provided voters with formal notice that an election on Measure C would be held at the June 6, 2006, election

15. On March 28, 2006, however — *a mere 70 days prior to the June election* — Respondent Board of Supervisors reversed its previous order, and abruptly decided to withdraw Measure C from the June ballot, citing concerns that the referendum petitions *could potentially* violate the Voting Rights Act.

16. Respondent Board of Supervisors' unilateral action to withdraw Measure C from the June ballot was unlawful for at least two independent reasons. First, the law could not be more clear that the Board of Supervisors (or any legislative body, for that matter) is *not authorized* to withdraw a measure, such as Measure C, from the ballot after the 83rd day prior to the election. Elections Code section 9605 provides in full:

> "*Notwithstanding any other provision of law*, whenever a legislative body has ordered that a measure or proposal be submitted to the voters of any jurisdiction at a special election, the order of election *shall not be amended or withdrawn after the 83rd day prior to the election.*
>
> The order of election shall be amended or withdrawn upon the filing of a resolution by the legislative body stating the specifics concerning the amendment or withdrawal. The resolution shall be filed with the election official *not later than the 83rd day prior to the election.*" (emphasis added.)

17. The Board of Supervisors had previously ordered, on January 24, 2006, that Measure C be submitted to the voters of Monterey County at the June 6, 2006, election. Pursuant to Elections Code section 9605, that order of election may not be amended or withdrawn after the 83rd day prior to the election, which for the June 6, 2006, election was March 15, 2006. In flagrant disregard for the law, Respondent Board of Supervisors ordered withdrawal of Measure C from the ballot on March 28, 2006, nearly two weeks *after* the statutory deadline.

5

18.     Second, Respondent Board of Supervisors' withdrawal of Measure C was illegal because the Board had a mandatory and ministerial duty to place (and retain) Measure C on the June ballot following the Registrar's certification of the sufficiency of the petition. Elections Code section 9145 provides in full:

> "If the board of supervisors does not entirely repeal the ordinance against which a petition is filed, the board *shall submit the ordinance to the voters* either at the next regularly scheduled county election occurring not less than 88 days after the date of the order, or at a special election called for that purpose not less than 88 days after the date of the order. The ordinance shall not become effective unless and until a majority of the voters voting on the ordinance vote in favor of it." (Emphasis added.)

Since Respondent Board of Supervisors determined not to repeal Resolution No. 05-305 in its entirety, the Board was required to "submit the ordinance to the voters" at "the next regularly scheduled county election" — i.e., at the June 6, 2006, statewide election.

19.     California statutory and case law is crystal clear that the Board of Supervisors has a mandatory and ministerial obligation to place a qualified referendum petition on the ballot and has no discretion to make its own unilateral determination whether a referendum is valid or not. As the Court of Appeal held in *Save Stanislaus Area Farm Economy v. Board of Supervisors* (1993) 13 Cal.App.4th 141, 148 ("*Save Stanislaus*"), "local governments have the purely ministerial duty to place duly certified initiatives on the ballot." If the board of supervisors believes that an initiative or referendum is unlawful, it has the option of filing a petition for writ of mandate seeking a court order *removing* the measure from the ballot. (*Id.* at p. 149.) However, it may not "unilaterally decide to prevent a duly qualified initiative from being presented to the electorate." (*Ibid.*)

20.     Accordingly, the Board of Supervisors' refusal to comply with its ministerial duty to submit Petitioners' duly qualified referendum measure to Monterey County's voters at the June 6, 2006, statewide primary election violates both the California Constitution and the California Elections Code. Article II, section 11, subdivision (a), of the California Constitution provides in relevant part: "Initiative and referendum powers may be exercised by the electors of each city or county under procedures that the Legislature shall provide."

6

1  The California Legislature has provided that a countywide referendum petition "signed by
2  voters of the county equal in number to at least 10 percent of the entire vote cast within the
3  county for all candidates for Governor at the last gubernatorial election" requires that the
4  Board of Supervisors either "entirely repeal the ordinance against which [the] petition is
5  filed" or "submit the ordinance to the voters at the next regularly scheduled county election
6  occurring not less than 88 days after the date of the order." (Elec. Code, §§ 9144-9145.)
7  Respondents have nonetheless ordered the withdrawal of Measure C from the June 6, 2006,
8  ballot, in clear violation of the California Constitution and the Elections Code.

9       21.    Time is of the essence in this action. Respondent Monterey County Registrar
10 of Voters Anchundo has previously represented in the federal action *In re County of*
11 *Monterey Initiative Matter* that he must have a judicial decision by April 12, 2006, in order
12 for a measure to be included on the composite ballot for the June 6, 2006, election, and no
13 later than April 21 if it is to be included on a supplemental ballot.

14      22.    Petitioners have no plain, speedy and adequate remedy in the ordinary course
15 of law, in that no damages or other legal remedy could compensate them for the harm that
16 they and the electors of the County of Monterey would suffer if Respondents do not order
17 a timely election on Measure C, as required by the California Constitution and Elections
18 Code section 9145.

19      23.    Petitioners, who represent individual residents, taxpayers, and qualified electors
20 of the County of Monterey, have a direct and beneficial interest in the action herein, and they
21 bring this action as private attorneys general pursuant to California Code of Civil Procedure
22 section 1021.5, in order to vindicate their own interests as well as the interests of all of the
23 taxpayers and citizens of the County of Monterey in obtaining Respondents' compliance with
24 the California Constitution, in the proper implementation of the state's election laws, and in
25 the fair and impartial performance of Respondents' duties as county officials.

26
27
28

## FIRST CAUSE OF ACTION

(Writ of Mandate, Code Civ. Proc., § 1085 & Elec. Code, § 13314)

24.    Petitioners reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 23 above.

25.    As set forth above, Respondents have a clear, present, and ministerial duty to comply with the California Constitution and the California Elections Code, and to either repeal Resolution No. 05-305 in its entirety or submit Measure C (the Referendum Against Resolution No. 05-305) to Monterey County's voters at the June 6, 2006, statewide primary election.

26.    If not otherwise directed by this Court's issuance of the requested writ of mandate, Respondents will continue to violate their ministerial duty as described above and will continue to refuse either to repeal Resolution No. 05-305 in its entirety or to order an election to be held on Measure C, the Referendum Against Resolution No. 05-305, in violation of both the California Constitution and the California Elections Code. Issuance of the requested writ of mandate is thus necessary under state law in order to prevent the error and neglect of duty that has occurred in Respondents' refusal to comply with the requirements of the California Constitution and state election law.

## SECOND CAUSE OF ACTION

(Injunctive Relief)

27.    Petitioners reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 26 above.

28.    In the absence of this Court's injunction, Respondents will continue to refuse to place Measure C on the June 6, 2006, ballot, thereby causing Petitioners and the tens of thousands of other Monterey County voters who support the referendum measure to suffer irreparable harm for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

29. Petitioners reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 28 above.

30. An actual controversy has arisen and now exists between Petitioners and Respondents concerning their respective rights and duties with respect to the referendum measure, Measure C. As described more fully above, Petitioners contend that Respondents have violated their duties under the California Constitution and the Elections Code by ordering withdrawal of Measure C from the June 6, 2006, ballot. On information and belief, Respondents contend in all respects to the contrary. A judicial declaration as to the legality of Respondents' refusal to repeal Resolution No. 05-305 in its entirety or to submit Measure C to Monterey County's voters at the June 6, 2006, statewide primary election is therefore necessary and appropriate to determine the respective rights and duties of the parties.

### PRAYER FOR RELIEF

WHEREFORE, Petitioners and Plaintiffs respectfully pray for judgment as follows:

1. On the First Cause of Action, that this Court issue its alternative and peremptory writs of mandate commanding Respondents Monterey County Board of Supervisors, Monterey County Registrar of Voters Tony Anchundo, and the County of Monterey either (1) to repeal Resolution 05-305 in its entirety, or (2) to submit Measure C, the Referendum Against Resolution 05-305, to the voters of Monterey County at the June 6, 2006, statewide primary election.

2. On the Second Cause of Action, that this Court issue a temporary restraining order and preliminary and permanent injunctions enjoining Respondents Monterey County Board of Supervisors, Monterey County Registrar of Voters Tony Anchundo, and the County of Monterey either (1) to repeal Resolution No. 05-305 in its entirety, or (2) to submit Measure C, the Referendum Against Resolution 05-305, to the voters of Monterey County at the June 6, 2006, statewide primary election;

1    3.    On the Third Cause of Action, that this Court issue its judgment declaring that

2  Respondent Monterey County Board of Supervisors has violated its duties under the

3  California Constitution and the California Elections Code by refusing either to repeal

4  Resolution No. 05-305 in its entirety, or to submit Measure C, the Referendum Against

5  Resolution 05-305, to the voters of Monterey County at the June 6, 2006, statewide primary

6  election;

7    4.    On each and every Cause of Action, that this Court award Petitioners the costs

8  of this litigation, including out-of-pocket expenses and reasonable attorneys' fees; and

9    5.    On each and every Cause of Action, that this Court grant such other, further

10  or different relief as the Court may deem just and proper.

11

12  Dated: April 3, 2006                    STRUMWASSER & WOOCHER LLP
                                            Fredric D. Woocher
13                                          Michael J. Strumwasser
                                            Bryce A. Gee
14

15                                          LAW OFFICE OF J. WILLIAM YEATES
                                            J. William Yeates
16                                          Keith G. Wagner
                                            Jason R. Flanders
17

18                                          By _____
                                                  Fredric D. Woocher
19

20                                          *Attorneys for Petitioners and Plaintiffs Rancho*
                                            *San Juan Opposition Coalition and Citizens for*
21                                          *Responsible Growth*

22

23

24

25

26

27

28

I, Julie Engell, declare:

I am the Chairperson of Rancho San Juan Opposition Coalition, one of the Petitioners in the above-titled action.

I have read the foregoing VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF and know the contents thereof to be true of my own knowledge, except as to those matters that are alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __3__ day of April, 2006, at _Prunedale_, California.

_Julie Engell_
Julie Engell

11

**EXHIBIT A**

# MONTEREY COUNTY ELECTIONS



PO BOX 4400     1370B South Main Street     831-796-1499 Phone
Salinas, CA 93912     Salinas, CA 93901     831-755-5485 Fax

www.MontereyCountyElections.us     E-mail:ROV@MontereyCountyElections.us

**Tony Anchundo**
Registrar of Voters

## CERTIFICATE OF REGISTRAR

I, Tony Anchundo, Registrar of Voters, for the County of Monterey, State of California do hereby certify that:

1. A referendum petition against Resolution No. 05-305 (Rancho San Juan-Butterfly Village) of the Monterey County Board of Supervisors amending the Monterey County General Plan and the Greater Salinas Area was filed with the Clerk to the Board of Supervisors and forwarded to the Registrar of Voters for signature verification on December 6, 2005; and

2. The petition contained 1,193 sections and 15,614 unverified signatures; and

3. Pursuant to California Elections Code § 9142, in order to be sufficient, the petition must bear signatures of at least 10 (ten) percent of the entire votes cast within the boundaries of the county for all candidates for Governor at the last gubernatorial election. The number of votes cast for Governor in the November 5, 2002 Gubernatorial General Election was 86,974; and

4. I have examined signatures on this petition pursuant to California Elections Code§9114. Based on the examination of signatures from the records of registrations it was determined that 12,601 signatures were valid.

In witness whereof, I hereby set my hand and affix my official seal this 18th day of January 2006.



**TONY ANCHUNDO**
**Registrar of Voters**
**County of Monterey**

(Seal)

**EXHIBIT B**

**Resolution No. 06-027**

| | |
|---|---|
| Resolution calling for an election on June 6, 2006 to submit to the voters of Monterey County the question of whether or not to approve Resolution No. 05-305, which amended the Monterey County General Plan Goal No. 30 and Policy Nos. 25.1.1, 30.0.3, and 39.2.1; the Greater Salinas Area Plan Land Use Plan (Figure 13), Policy Nos. 26.1.4.1, 39.1.4.1, 40.1.1.1, Part II Chapter V defining commercial land use designations in the Area Plan; and amended certain guidelines in the Rancho San Juan area of Development Concentration (ADC) Development Guidelines and Principles adopted pursuant to Policy 26.1.4.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This Resolution is made with reference to the following facts and circumstances:

A.     On November 7, 2005, the Monterey County Board of Supervisors (the "Board") adopted Resolution No. 05-305 amending the Monterey County General Plan Goal No. 30 and Policy Nos. 25.1.1, 30.0.3, and 39.2.1; the Greater Salinas Area Plan Land Use Plan (Figure 13), Policy Nos. 26.1.4.1, 39.1.4.1, 40.1.1.1, Part II Chapter V defining commercial land use designations in the Area Plan; and amending certain guidelines in the Rancho San Juan area of Development Concentration (ADC) Development Guidelines and Principles adopted pursuant to Policy 26.1.4.1.

B.     A referendum petition was circulated protesting adoption of Resolution No. 05-305. The petition was filed with the Registrar of Voters on December 6, 2005, and was certified by the Registrar of Voters on January 18, 2006 as having been signed by the requisite number of voters as required by Elections Code sections 9114 and 9146.  The Board received the Registrar's certification at its regular meeting on January 24, 2006.

C.     The Board has determined not to entirely repeal or rescind Resolution No. 05-305.

D.     Pursuant to Elections Code section 9145, if the Board does not entirely repeal or rescind the Resolution, the Board must submit the Resolution to the voters either at the next regularly scheduled County election occurring not less than 88 days after the date of the Board's order, or at a special election called for that purpose not less than 88 days after the date of the Board's order.

E.     The Board of Supervisors is authorized by Sections 10400-10401 of the Elections Code to consolidate two or more elections that are called to be held on the same day in the same territory.

NOW, THEREFORE, BE IT RESOLVED as follows:

1.     Call for Election.  The Board hereby orders an election to be held within the boundaries of Monterey County to submit to the voters of the County the following proposition:

| APPROVAL OF RESOLUTION NO. 05-305 RELATING TO RANCHO SAN JUAN/BUTTERFLY VILLAGE | |
|---|---|
| Shall Resolution No. 05-305 amending the Monterey County General Plan Goal No. 30 and Policy Nos. 25.1.1, 30.0.3, and 39.2.1; the Greater Salinas Area Plan Land Use Plan (Figure 13), Policy Nos. 26.1.4.1, 39.1.4.1, 40.1.1.1, Part II Chapter V defining commercial land use designations in the Area Plan; and amending certain guidelines in the Rancho San Juan Area of Development Concentration (ADC) Development Guidelines and Principles adopted pursuant to Policy 26.1.4.1, be approved? | YES |
| | NO |

2.     Election Date.  The election shall be conducted at the next regularly scheduled County election on June 6, 2006, and the election shall be held solely within the boundaries of the County.

3.     Authority for Election.  The authority for ordering the election is contained in Section 9145 of the Elections Code, and the above measure shall become effective only if it is approved by a majority vote of the qualified voters of the County voting in the election on the measure.

4.     Consolidation of Elections.  Pursuant to Section 10400-10401 of the Elections Code, the Board hereby orders the election on this measure to be consolidated with the County primary election scheduled for June 6, 2006.

5.     Conduct of Election.  The Clerk of the Board and the Registrar of Voters are hereby directed to take all steps to hold the election in accordance with law and these Resolution

No. 06-027 specifications, and the Registrar of Voters shall render all services specified by the Elections Code relating to the election, such services to include the publication of all required notices of the elections.

     6.    <u>Polling-Place Elections</u>.  Pursuant to the Elections Code, the consolidated elections shall be conducted as polling-place elections throughout the County.

     7.    <u>Formal Notice of Election</u>. The Clerk to the Board is hereby directed to prepare a Formal Notice of Election in substantially the form attached hereto as Exhibit A (the "Formal Notice of Election").

     8.    <u>Effective Date</u>. This resolution shall take effect immediately upon its adoption.

     PASSED AND ADOPTED this 24<u>th</u> day of <u>January, 2006</u>, upon motion of Supervisor <u>Potter</u>, seconded by Supervisor <u>Lindley</u>, and carried by the following vote, to wit:

     AYES: Supervisors Armenta, Calcagno, Lindley, Smith and Potter

     NOES: None

     ABSENT: None

I, LEW C. BAUMAN, Clerk of the Board of Supervisors of the County of Monterey, State of California, hereby certify that the foregoing is a true copy of an original order of said Board of Supervisors duly made and entered in the minutes thereof of Minute Book _73_, on _January 24, 2006_.

Dated: February 6, 2006

                         LEW C. BAUMAN, Clerk of the Board of Supervisors,
                         County of Monterey, State of California

                         By                         
                                     Cynthia Juarez, Deputy

# FORMAL NOTICE OF ELECTION

NOTICE IS HEREBY GIVEN to the qualified voters of Monterey County that, in accordance with the provisions of Section 9145 of the Elections Code, an election will be held on June 6, 2006, at which election the following proposition shall be submitted to the qualified electors of the County and voted upon:

| APPROVAL OF RESOLUTION NO. 05-305 RELATING TO RANCHO SAN JUAN/BUTTERFLY VILLAGE | |
| --- | --- |
| Shall Resolution No. 05-305 amending the Monterey County General Plan Goal No. 30 and Policy Nos. 25.1.1, 30.0.3, and 39.2.1; the Greater Salinas Area Plan Land Use Plan (Figure 13), Policy Nos. 26.1.4.1, 39.1.4.1, 40.1.1.1, Part II Chapter V defining commercial land use designations in the Area Plan; and amending certain guidelines in the Rancho San Juan Area of Development Concentration (ADC) Development Guidelines and Principles adopted pursuant to Policy 26.1.4.1, be approved? | YES |
| | NO |

The Clerk of the Monterey County Board of Supervisors, by this Formal Notice of Election, has called the election pursuant to a Resolution of the Monterey County Board of Supervisors adopted January 24, 2006, pursuant to Section 9145 of the Elections Code.

IN WITNESS WHEREOF, I have hereunto set my hand this 24th day of January, 2006.

LEW C. BAUMAN, Clerk of the Monterey County Board of Supervisors, County of Monterey, State of California

By _____
Cynthia Juarez, Deputy

# MONTEREY COUNTY BOARD OF SUPERVISORS

| MEETING: | January 24, 2006 – 10:30 a.m. | AGENDA NO.: | 5-1 |
|---|---|---|---|
| SUBJECT: | Rancho San Juan/Butterfly Village Project Referendum: (1) Receive the Registrar's certification of the results of examination of signatures; and (2) reconsider adoption of Resolution No. 05-305 and either (a) entirely repeal or rescind the Resolution or (b) adopt a resolution to order that Resolution No. 05-305 be submitted to the voters at the next regularly scheduled County election occurring not less than 88 days after the date of the Board's order | | |
| DEPARTMENT: | Elections/County Counsel | | |

## RECOMMENDATION:

It is recommended that the Board: (1) Receive the Registrar's certification of the results of examination of signatures; and (2) reconsider adoption of Resolution No. 05-305 and either (a) entirely repeal or rescind the Resolution or (b) adopt a resolution to order that Resolution No. 05-305 be submitted to the voters at the next regularly scheduled County election occurring not less than 88 days after the date of the Board's order.

## SUMMARY:

A referendum petition protesting the Board's adoption of Resolution No. 05-305 was filed with the Registrar on December 6, 2005. The Registrar of Voters has certified that the petition was signed by the requisite number of voters and will present his certification to the Board. Pursuant to law, if the Board does not entirely repeal or rescind the Resolution, the Board must submit the Resolution to the voters at the next regularly scheduled County election occurring not less than 88 days after the Board's order.

## DISCUSSION:

In conjunction with its approval of a revised Rancho San Juan Specific Plan and approval of the Butterfly Village Project, the Board adopted Resolution No. 05-305 on November 7, 2005. The resolution amended the Monterey County General Plan Goal No. 30 and Policy Nos. 25.1.1, 30.0.3, and 39.2.1; the Greater Salinas Area Plan Land Use Plan (Figure 13); Policy Nos. 26.1.4.1, 39.1.4.1, 40.1.1.1, Part II Chapter V defining commercial land use designations in the Area Plan; and amended certain guidelines in the Rancho San Juan area of Development Concentration (ADC) Development Guidelines and Principles adopted pursuant to Policy 26.1.4.1.

Thereafter, a referendum petition was circulated protesting adoption of Resolution No. 05-305. The petition contained 1193 sections and 15,614 unverified signatures. On January 18, 2006, the Registrar certified that the referendum petition was signed by the requisite number of voters, as required by Elections Code sections 9114 and 9146. The Registrar will present his certification to the Board.

Because the petition has been signed by the required number of registered voters, the Board of Supervisors is required by Elections Code section 9145 to (a) entirely repeal or rescind the resolution or (b) submit the resolution to the voters either at the next regularly scheduled county election occurring not less than 88 days after the date of the Board's order, or at a special

election called for that purpose not less than 88 days after the date of the Board's order. The next regularly scheduled County election occurring not less than 88 days after January 24, 2006 will be on June 6, 2006.

Attached for the Board's consideration is a proposed resolution to order that Resolution No. 05-305 be submitted to the voters at the next regularly scheduled County election on June 6, 2006.

## OTHER AGENCY INVOLVEMENT:
The County Administrative Office and Resource Management Agency - Planning and Building Inspection Department have been consulted with respect to this report and concur in the recommendations.

## FINANCING:
The Registrar of Voters estimates that the additional cost to place the referendum measure on the regularly-scheduled county primary election of June 6, 2006 would be $15,000. The cost of the election is a County cost to be paid from County General Fund.


TONY ANCHUNDO
Registrar of Voters

LEROY W. BLANKENSHIP
Assistant County Counsel

cc:   Lew C. Bauman, Ph.D., County Administrative Officer
      Wayne Tanda, Director of Resource Management Agency
      Alana Knaster, Interim Director of Planning and Building Inspection


Attachment