OFFICE OF THE MONTEREY COUNTY COUNSEL
CHARLES J. MCKEE (SBN 152458), COUNTY COUNSEL
LEROY W. BLANKENSHIP (SBN 065233), ASSISTANT COUNTY COUNSEL
EFREN N. IGLESIA (SBN 71309), SENIOR DEPUTY COUNTY COUNSEL
168 W. ALISAL, 3RD FLOOR
SALINAS, CA 93901-2680
Telephone: (831) 755-5045
Facsimile: (831) 755-5283

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
STEPHEN N. ROBERTS (SBN 062538)
NICOLE A. TUTT (SBN 179244)
CIARAN O'SULLIVAN (SBN 198970)
50 CALIFORNIA STREET, 34TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4799
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
Email: montereycase@nossaman.com

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
JOHN J. FLYNN III (SBN 076419)
18101 VON KARMAN AVENUE
IRVINE, CA 92612-0177
Telephone: (949) 833-7800
Facsimile: (949) 833-7878
Email: montereycase@nossaman.com

Attorneys for Defendants/Respondents
BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY;
TONY ANCHUNDO, IN HIS CAPACITY AS MONTEREY COUNTY
REGISTRAR OF VOTERS; AND THE COUNTY OF MONTEREY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| RANCHO SAN JUAN OPPOSITION COALITION; CITIZENS FOR RESPONSIBLE GROWTH; AND JULIE ENGELL,<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; TONY ANCHUNDO, IN HIS CAPACITY AS MONTEREY COUNTY REGISTRAR OF VOTERS; COUNTY OF MONTEREY; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | **Case No.: C 06-2369 PVT**<br><br>**ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

The County of Monterey ("the County"), The Board of Supervisors of the County of Monterey ("the Board of Supervisors"), and Tony Anchundo, in his official capacity as the Registrar of Voters for the County of Monterey ("Anchundo") (collectively "Defendants") for their Answer to the petitioners/plaintiffs Rancho San Juan Opposition Coalition's, Citizens for Responsible Growth's, and Julie Engell's (collectively "Petitioners") Verified Petition for Writ of Mandate Complaint for Declaratory and Injunctive Relief ("Complaint") herein, answer as follows:

**INTRODUCTION**

1. In response to the allegations in the first sentence of Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said sentence as to Petitioners' purposes in bringing suit, and on that basis deny each allegation contained therein. In response to the allegations in the second sentence of Paragraph 1 of the Complaint, Defendants admit the allegations therein except: Defendants deny that the purpose of the Board of Supervisors in enacting Resolution No. 05-305 was solely to allow the development of a "massive golf-residential subdivision in Monterey County." In response to the allegations in the third sentence of Paragraph 1 of the Complaint, Defendants admit the allegations therein except: Defendants deny that the referendum petition was signed by "*more than* 15,614 registered voters."

2. In response to allegations in the first sentence of Paragraph 2 of the Complaint, Defendants deny those allegations. In response to allegations in the second sentence of Paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said sentence as to Petitioners' purposes in seeking immediate relief from this Court, and on that basis deny each allegation contained therein.

3. In response to the allegations in Paragraph 3 of the Complaint, Defendants admit those allegations, except: Defendants deny that the Board's decision to remove Measure C from the ballot was "conspicuously timed to leave Petitioners with very little time to obtain judicial review of that decision," or that the decision was made "well after the statutory deadline for withdrawing a measure from the ballot had passed."

///

///

## PARTIES

4. In response to allegations in the Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

5. In response to the allegations in Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

6. In response to the allegations in Paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

7. In response to the allegations in Paragraph 7 of the Complaint Defendants admit the allegations of the first sentence of Paragraph of the Complaint. Defendants deny that the second sentence of Paragraph 7 of the Complaint represents a full and accurate statement of the law. Defendants submit that the statements contained in the second sentence of paragraph 7 of the Complaint are Petitioners' characterization of law, and are not facts which can be admitted or denied. To the extent that those statements contains allegations other than plaintiffs' characterization of the law, Defendants deny each of those allegations for lack of information or belief.

8. In response to the allegations of Paragraph 8 of the Complaint, Defendants admit the allegations therein.

9. In response to the allegations of Paragraph 9 of the Complaint, Defendants admit the allegations therein.

10. In response to the allegations of Paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

## GENERAL ALLEGATIONS

11. In response to the allegations of Paragraph 11 of the Complaint Defendants submit that the statements contained in Paragraph 11 of the Complaint are either Petitioners' characterization of law in that they propose an interpretation of the Referendum if enacted, or they are a political statement

about Resolution No. 05-305, and in neither case are they allegations which can be admitted or denied. To the extent that those statements contains allegations which can be admitted or denied, Defendants deny each of those allegations for lack of information or belief.

12. In response to the allegations of the first sentence of Paragraph 12 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said sentence, and on that basis deny each allegation contained therein. Defendants admit the allegations of the second sentence of Paragraph 12. Defendants submit that the statements contained in the last sentence of paragraph 12 of the Complaint are Petitioners' characterization of law, and are not facts which can be admitted or denied. To the extent that those statements contains allegations other than plaintiffs' characterization of the law, Defendants deny each of those allegations for lack of information or belief.

13. In response to the allegations of Paragraph 13 of the Complaint, Defendants admit those allegations.

14. In response to the allegations of Paragraph 14 of the Complaint, Defendants admit those allegations.

15. In response to the allegations of Paragraph 15 of the Complaint, Defendants admit those allegations, except: deny that the Board of Supervisors decided to withdraw Measure C from the June ballot "abruptly."

16. In response to the allegations of Paragraph 16 of the Complaint, Defendants deny those allegations, except: admit that Elections Code section 9605 provides as set forth in paragraph 16.

17. In response to the allegations of the first sentence of Paragraph 17 of the Complaint, Defendants admit those allegations. In response to the allegations of the second and third sentences of Paragraph 17 of the Complaint, Defendants submit that those allegations consist of Petitioners' characterization of the import or effect of certain provisions of the Elections Code, and are not allegations which can be admitted or denied. To the extent that those sentences contain allegations which can be admitted or denied, Defendants deny each of those allegations for lack of information or belief.

18. In response to the allegations of Paragraph 18 of the Complaint, Defendants deny those allegations, except: admit that Elections Code section 9415 provides as set forth in paragraph 18.

19. In response to the allegations of Paragraph 19 of the Complaint, Defendants submit that those allegations consist of Petitioners' characterization of the law, and of statements from case law that are out of context and have no applicability here, and are not allegations which can be admitted or denied. To the extent that those sentences contain allegations which can be admitted or denied, Defendants deny each of those allegations for lack of information or belief.

20. In response to the allegations of paragraph 20 of the Complaint, Defendants submit that paragraph 20 contains only statements of the law, and/or Petitioners' characterization of the law, and not allegations which can be admitted or denied. To the extent that paragraph 20 contains allegations which can be admitted or denied, Defendants deny each of those allegations for lack of information or belief.

21. In response to the allegations of paragraph 21 of the Complaint, Defendants admit the allegations contained therein.

22. In response to the allegations of Paragraph 22 of the Complaint, Defendants deny the allegations contained therein.

23. In response to the allegations of Paragraph 23 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

## FIRST CAUSE OF ACTION

### (Writ of Mandate, Code Civ. Proc., § 1085 & Elec. Code, § 13314)

24. Defendants incorporate by reference each denial, admission and allegation contained in paragraphs 1 through 23 hereof, as if fully set forth herein.

25. In response to the allegations in Paragraph 25 of the Complaint, Defendants submit that the statements contained in Paragraph 25 of the Complaint are Petitioners' legal argument and characterization of the law, and are not allegations which can be admitted or denied. To the extent that Paragraph 25 contains allegations which can be admitted or denied, Defendants deny each of those allegations.

26. In response to the allegations in Paragraph 26 of the Complaint, Defendants admit the allegations of the first sentence of Paragraph 26, except: Defendants deny that in continuing to refuse to either repeal Resolution No. 05-305 in its entirety or to order an election to be held on Measure C they will violate any duty, ministerial or otherwise. Defendants therefore also deny the allegations of the second sentence of Paragraph 26 of the Complaint.

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

27. Defendants incorporate by reference each denial, admission and allegation contained in paragraphs 1 through 26 hereof, as if fully set forth herein.

28. In response to the allegations in Paragraph 28 of the Complaint, Defendants admit that in the absence of this Court's injunction they will continue to refuse to either repeal Resolution No. 05-305 in its entirety or to order an election to be held on Measure C, but deny that in doing so they will cause Petitioners or anyone else any irreparable harm.

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

29. Defendants incorporate by reference each denial, admission and allegation contained in paragraphs 1 through 28 hereof, as if fully set forth herein.

30. In response to allegations in the Paragraph 30 of the Complaint, Defendants admit each allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim For Relief)

31. Petitioners' Complaint and each purported "cause of action" contained therein fail to state a claim upon which relief can be granted against Defendants.

///
///
///

201325_1.DOC -6- Case No.: C 06-2369 PVT
**ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

## SECOND AFFIRMATIVE DEFENSE
### (Federal Voting Rights Act)

32. The Complaint, and every cause of action asserted therein, are barred because the Referendum and the Referendum petition violates the Federal Voting Rights Act. 42 U.S.C. § 1973aa-1a(c) and 42 U.S.C. § 1973c.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

33. The Complaint, and every cause of action asserted therein, are barred because Plaintiffs have no standing to assert the claims in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Sovereign Immunity)

34. The Complaint, and every cause of action asserted therein, are barred by the doctrine of sovereign immunity.

## FIFTH AFFIRMATIVE DEFENSE
### (Violates General Plan)

35. The Complaint, and every cause of action asserted therein, are barred because the Referendum impermissibly violates and conflicts with Monterey County's existing General Plan.

## SIXTH AFFIRMATIVE DEFENSE
### (Initiative Not Fiscally Responsible)

36. The Complaint, and every cause of action asserted therein, are barred because the Referendum violates constitutionally-derived requirements that it be fiscally responsible.

## SEVENTH AFFIRMATIVE DEFENSE
### (Preemption)

37. The Complaint, and every cause of action asserted therein, are barred by the doctrine of preemption because the Referendum unlawfully attempts to legislate in areas of statewide concern, and invades (1) State law governing the supply of housing and amendment of housing elements of local general plans; (2) and State law governing the subdivision of land. *See* Cal. Const. art. XI, § 7; *see*

1 | *Legislature v. Deukmejian*, 34 Cal.3d 658, 675 (1983); *Committee of Seven Thousand v. Superior Court*, 45 Cal. 3d 491 (1988).

## EIGHTH AFFIRMATIVE DEFENSE

### (Full Text Rule)

38. The Complaint, and every cause of action asserted therein, are barred because the Referendum violates the statutorily and constitutionally-derived "Full Text Rule." *Cal. Elec. Code* §§ 9014, 9101, 9147, 9238; *Cal. Const., art*. IV, § 9.

39. WHEREFORE, Defendants County of Monterey, The Board of Supervisors of the County of Monterey, and Tony Anchundo, in his official capacity as the Registrar of Voters for the County of Monterey, pray for relief as follows:

40. That no judgment be entered in favor of Petitioners against Defendants;

41. That no declaration or injunction be entered against Defendants;

42. That Defendants recover for their fees and expenses and costs of suit; and

43. For such additional relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of any and all claims and issues triable of right by a jury.

Dated: April 17, 2006

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
STEPHEN N. ROBERTS
NICOLE A. TUTT
JOHN J. FLYNN III
CIARAN O'SULLIVAN

/ S /
By: _____
STEPHEN N. ROBERTS

Attorneys for Defendants/Respondents
BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; TONY ANCHUNDO, IN HIS CAPACITY AS MONTEREY COUNTY REGISTRAR OF VOTERS; AND THE COUNTY OF MONTEREY