# Exhibit A

Laurence P. Horan, Esq. #26524
Mark A. Blum, Esq. #124316
Elizabeth C. Gianola, Esq. #142522
HORAN, LLOYD LAW OFFICES
499 Van Buren St., P.O. Box 3350
Monterey, CA  93942-3350
Telephone: (831) 373-4131

Attorneys for Petitioner/Plaintiff

**FILED**

NOV 1 0 1999

SHERRI L. PEDERSEN
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| H-Y-H CORPORATION, a Delaware corporation, | Case No. **M 46616** |
| Petitioner and Plaintiff, | **PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR:** |
| vs. | **A. DECLARATORY RELIEF**<br>**B. CONSTITUTIONAL VIOLATIONS** |
| COUNTY OF MONTEREY and DOES I through XX, INCLUSIVE, | **C. INVERSE CONDEMNATION**<br>**D. ESTOPPEL** |
| Respondents and Defendants. | **OVER $25,000** |

Petitioner alleges:

## I. PARTIES

1.    Petitioner H-Y-H CORPORATION is a Delaware corporation, organized under the laws of, and qualified and doing business in, the State of California, and the County of Monterey.  H-Y-H CORPORATION, its affiliates, subsidiaries (including North Monterey Heights Corporation), partners and joint venturers are hereinafter collectively referred to as "HYH".  HYH is an owner and optionee of

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

1  certain real property located in the County of Monterey as

2  hereinafter more particularly described.

3      2.    Respondent COUNTY OF MONTEREY (sometimes

4  hereinafter the "County") is a public entity organized and

5  existing under the laws of the State of California.  County

6  made the final CEQA determinations referenced in this

7  Petition and Complaint.

8      3.    Petitioner is ignorant of the true names and

9  capacities of Respondents sued herein as DOES 1 through 20,

10  inclusive, and therefore sues these defendants by such

11  fictitious names.  Petitioner will amend this complaint to

12  allege their true names and capacities when ascertained.

13  Petitioner is informed and believes and thereon alleges that

14  each of said fictitiously named defendants is in some manner

15  responsible for the injury and damage to Petitioner alleged

16  herein.

17      4.    Petitioner is informed and believes and thereon

18  alleges that all times herein mentioned, the Respondents

19  herein were the agents, servants, and employees of their Co-

20  Respondents, and in doing the things hereinafter mentioned

21  were acting within the course and scope of their authority

22  as such agents, servants and employees, with the permission

23  and consent of their Co-Respondents.

24              II.  SUMMARY OF COMPLAINT

25      5.    While the various wrongful acts and omissions of

26  Respondents and their impact on Petitioner's property and

27  rights are alleged below with particularity, this Summary is

28

1  presented as an overview for the Court's convenience and is

2  intended to supplement such detailed allegations.

3       6.   In 1981, as a planning policy, the Board of

4  Supervisors of the County of Monterey established areas of

5  development concentration to be considered for possible

6  adoption in various areas of the County.  The establishment

7  of areas of development concentration was part of the

8  County's General Plan Update and Area Planning process which

9  was then taking place.  In 1982 the Board of Supervisors

10 designated the Rancho San Juan area north of the City of

11 Salinas as an Area of Development Concentration study area.

12 This study culminated in an adoption of the Greater Salinas

13 Area Plan ("GSAP"), certification of an EIR, and the

14 designation of Rancho San Juan as an Area of Development

15 Concentration (with specific development principles and

16 guidelines) in October, 1986.  County and City of Salinas

17 representatives cooperated in developing the GSAP.

18      7.   The Rancho San Juan Area of Development

19 Concentration (the "ADC") consists of some 2100 acres under

20 ten or more separate ownerships.  Of these lands, 671 acres

21 are owned in fee by, or are under option to, Petitioner.

22 The GSAP requires that a specific plan for the entire area

23 must be prepared as a precondition to approving any

24 discretionary projects in the ADC.  Until May 1999,

25 Respondents have insisted that only the County could cause

26 said Specific Plan to be prepared.

27      8.   In 1987 a Memorandum of Understanding was signed

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3550
MONTEREY, CALIFORNIA 93942-3550

28

PETITION FOR WRIT OF MANDATE                          HYH v. COUNTY OF MONTEREY

3

1 between the City of Salinas and the County which provided

2 that the Rancho San Juan ADC would be developed by the

3 County, with the City making no effort to annex the area to

4 the City until, at the earliest, after 2003.  (See "MOU"

5 attached hereto as Exhibit "D", and incorporated by

6 reference herein.)  The County did not act diligently to

7 adopt a Specific Plan for Rancho San Juan.

8     9.   Petitioner's application for development of its

9 property within the ADC was accepted as complete in 1989,

10 was processed and proceeded to the Planning Commission in

11 1990, where the County tabled it pending completion of its

12 Feasibility Study and adoption of its Specific Plan for the

13 ADC.  The County commissioned a Feasibility Study in 1989

14 preparatory to preparing and adopting County's ADC Specific

15 Plan.  County accepted the completed Feasibility Study in

16 1991.

17     10.   In 1992, the County rezoned the ADC to conform to

18 the land use designations of the Greater Salinas Area Plan.

19 Opponents to the rezoning ("CCMC") sued the County on CEQA

20 grounds seeking a rescission of the new zoning.  At the

21 request of County Counsel Douglas Holland, Petitioner agreed

22 to pay monies to settle the lawsuit if County would adopt an

23 enabling ordinance and enter into agreements for County

24 preparation of a Specific Plan and EIR for the ADC.

25     11.   Thereafter, the County adopted the enabling

26 ordinance and entered into an agreement requiring Petitioner

27 to advance the funding for County preparation of a *legally*

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

*adequate* Specific Plan and EIR. The County simultaneously contracted with The Planning Center, a land use consulting firm, to prepare those documents at a cost of $352,942 - and to have public hearings on them before the end of 1994.

12. Based on this partial County performance of its agreement respecting the CCMC litigation, H-Y-H CORPORATION's subsidiary, North Monterey Heights Corporation, entered into an agreement with CCMC ("Agreement Re Litigation", attached hereto as Exhibit "A", and incorporated by reference herein), pursuant to which Petitioner funded a settlement agreement between County and CCMC ("Settlement Agreement", attached hereto as Exhibit "B", and incorporated by reference herein) and the rezoning was rescinded by County, placing the HYH Property in what planners call a "White Hole", i.e., a place on the zoning map that is devoid of any zoning designation - hence rendering it inconsistent with the land use designations for the HYH Property in the General Plan and Area Plans.

13. By using ad hoc procedures unauthorized by State Law, the County took years reviewing "screen check" draft specific plans and multiple "administrative" draft specific plans before belatedly circulating an official Draft Specific Plan and Draft EIR in December 1998 - four (4) years late. By that time, HYH had advanced more than half a million dollars to cover the County's costs.

14. Following the adoption of the ADC in October of 1986, the County did not concentrate Greater Salinas Area

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

5

1   development within the ADC, as contemplated by the Greater

2   Salinas Area Plan and the General Plan.  Certain large

3   projects approved by County outside the ADC resulted in

4   initiatives, referendum petitions and legal challenges to

5   the County, further delaying the ADC specific planning

6   process.

7       15.   In late 1998, following the death of the former

8   County Administrative Officer, the County hired a new County

9   Administrative Officer ("CAO").  In a March 1999 meeting,

10  the new CAO advised Petitioner for the first time that the

11  County's draft ADC Specific Plan and EIR (by now, five (5)

12  years in preparation) were *not legally adequate*, would

13  require another $200,000 worth of work, and that County

14  recommended abating processing of the ADC Specific Plan and

15  EIR until County's General Plan had been updated.

16  Petitioner, who had already advanced over half a million

17  dollars under the Plan Preparation Agreement, demanded that

18  said processing continue and that responses to comments be

19  prepared by Consultant.

20      16.   In May of 1999, the new CAO advised Petitioner in

21  a follow-up meeting that County was not going to continue

22  County preparation of the Specific Plan and EIR for the

23  Rancho San Juan ADC pending the update of the County's

24  General Plan, a process which was estimated variously by the

25  CAO, the County Counsel, and the Planning Director at two to

26  five more years.  The CAO further advised that if Petitioner

27  wished to, it could assume from County the preparation of

28

1    the Specific Plan prior to update of the General Plan, but

2    that County staff would recommend denial when the plan came

3    to hearing.

4        17.   On October 12, 1999, over Petitioner's objections,

5    the County Board of Supervisors adopted Ordinance No. 04037,

6    amending the County Subdivision Ordinance to prohibit the

7    establishment of water supply based on a reduction of

8    existing agricultural water use on a parcel outside of a

9    Subdivision Map application.   Petitioner's representatives

10    argued, and County Counsel opined, that such a prohibition

11    appeared to be inconsistent with the planning for and

12    implementation of the General Plan and GSAP policies related

13    to the ADC.   A copy of Ordinance No. 04037 is attached

14    hereto as Exhibit "C", and incorporated by reference herein.

15        18.   Petitioner filed this action to challenge the

16    action and inaction of the County in regard to the planning

17    and zoning of the ADC, including the land owned by or under

18    option to HYH.   In particular, Petitioner seeks

19    extraordinary relief requiring the County, within a

20    reasonable time, to expeditiously complete preparation,

21    processing and adoption of its Specific Plan and EIR and to

22    adopt effective and constitutional zoning for the Rancho San

23    Juan ADC consistent with the GSAP.   Additionally, Petitioner

24    seeks a declaration that Ordinance No. 04037 is void *ab*

25    *initio*   and an award of damages for constitutional and

26    statutory violations and for uncompensated takings.

27

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

## III.  ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.   In 1979, County, through its Board of Supervisors ("Board") adopted a Growth Management Policy ("GMP") declaring the importance of managed and orderly development. The GMP and the County General Plan must be consistent with one another.   The GMP specifies that growth should be channeled into planned development areas to help protect prime agricultural land and natural resources within the County.   In 1979 and 1981 Petitioner acquired options to purchase 671 acres of land in the Rancho San Juan area of Monterey County immediately north of the City of Salinas. In 1981 the Board added a new GMP Policy 3 to "Establish New Areas of Development Concentration."  To implement GMP Policy 3, in 1982 the Board adopted the Monterey County General Plan which designated an area north of the City of Salinas commonly referred to as Rancho San Juan as an Area of Development Concentration study area.

20.   Following adoption of the County General Plan, the County commenced work on the Greater Salinas Area Plan ("GSAP").  Among other things the GSAP process evaluated alternative ADC locations and recommended adopting Rancho San Juan as an Area of Development Concentration (the "ADC") within the Greater Salinas Area Plan.  During the GSAP approval process, the City of Salinas expressed concerns about the ADC and the County prepared an Environmental Impact Report ("EIR") for the GSAP.  In October of 1986. the Board certified the GSAP EIR and adopted the GSAP according

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE

HYH v. COUNTY OF MONTEREY

8

1  to criteria specified in the GMP.  The GSAP designates

2  Rancho San Juan as an area of development concentration and

3  specifies that no development will take place until a

4  Specific Plan is adopted.  The Specific Plan must include

5  the development guidelines and principles adopted as part of

6  the GSAP.

7      21.   In December of 1986, following County adoption of

8  the GSAP designating the ADC, HYH began exercising its

9  options to acquire lands within the ADC.  By 1989, HYH was

10  the owner in fee and optionee of 671 acres of real property

11  (the "HYH Property") situated in the ADC.

12      22.   Following adoption of the GSAP, Petitioner

13  inquired of the County when the Specific Plan would be

14  prepared and was advised that the County lacked the funds to

15  prepare the Specific Plan and EIR.  County further advised

16  Petitioner that County policy would not allow Petitioner to

17  either prepare or to fund County preparation of the Specific

18  Plan.

19      23.   In 1987, the Board and the Salinas City Council

20  jointly adopted and signed a Memorandum of Understanding

21  ("MOU") recognizing urban growth areas for the City and

22  providing that future growth in the County would occur

23  within the ADC under County development authority with City

24  of Salinas review.  A primary goal of the MOU was to

25  preserve from development agricultural areas of the County

26  west and south of the City of Salinas by directing growth

27  north into the ADC.  The MOU was amended and reaffirmed by

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                          HYH v. COUNTY OF MONTEREY

9

County and the City of Salinas in 1993 and 1998.  A copy of

said MOU is attached hereto as Exhibit "D", and incorporated

by reference herein.

24.  In 1989, frustrated by County's failure to fund

preparation of the Specific Plan, HYH sought County

permission to submit an application for development ("North

Monterey Heights") of the HYH Property.  County's Planning

Director advised Petitioner that County would accept a North

Monterey Heights application if it included an

infrastructure master plan for the entire ADC.  Petitioner

prepared and submitted a combined development permit

application for North Monterey Heights with this component.

Said application was comprised of applications for a

preliminary map, rezoning and General Plan amendment.  The

General Plan amendment sought to eliminate the Specific Plan

requirement for the ADC and the rezoning sought to conform

existing zoning to the GSAP land use designations for the

HYH Property.  County accepted the North Monterey Heights

application as complete and commenced processing the

preliminary map component.

25.  At or about the time of the North Monterey Heights

application, County applied to the State of California for

Rural Renaissance funding to prepare a County initiated

Specific Plan and EIR for the ADC.  The State of California

instead granted funds for the preparation of a "Feasibility

Study" for the ADC, which study commenced the same year.  In

1990, the Planning Commission held a public hearing to

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

10

1   consider the North Monterey Heights preliminary map

2   application and determined to defer any further processing

3   of any portion of the North Monterey Heights combined

4   development permit application until County completed the

5   Feasibility Study and had prepared and adopted a County

6   initiated Specific Plan for the ADC.

7       26.  On January 16, 1990, County adopted Resolution No.

8   90-25, designated the 3,035 acre Rancho San Juan ADC as an

9   Area of Benefit and imposed predevelopment fees on the

10  properties in said area for the purpose of recovering the

11  cost to County of preparing the Feasibility Study.  A copy

12  of Resolution No. 90-25 is attached hereto as Exhibit "E",

13  and incorporated by reference herein.  The cost of the

14  Feasibility Study is to be recouped by County from each ADC

15  property owner proportionately as a precondition to

16  processing any application for development of each owners'

17  respective property.

18      27.  The Feasibility Study was completed and accepted

19  by the County Board of Supervisors in 1991.  The Feasibility

20  Study *affirmed    the    ADC concept    for    the    Rancho    San    Juan    area*

21  and recommended changes to land uses and densities within

22  the ADC in order to decrease groundwater use and seawater

23  intrusion.  More specifically, the Feasibility Study

24  recommended a reduction of potable water use by converting

25  the ADC land uses from agricultural and grazing to

26  residential and light industrial at densities which would

27  save approximately 1,200 acre feet per year over then

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

11

1   existing consumption levels.  The Feasibility Study proposed
2   ceasing the agricultural water use on the parcels under
3   various private ownerships within the ADC and redirecting it
4   to support the residential, commercial and light industrial
5   uses designated in the GSAP, but at reduced densities.  In
6   particular, the Feasibility Study recommended a Preferred
7   Alternative that reduced residential densities from the 5.1
8   unit per acre level specified in the GSAP to 1.85 units per
9   acre, and reduced and limited overall water consumption
10  within the ADC from then existing levels of over 3,000 acre
11  feet per year to 1,950 acre feet.  The Feasibility Study
12  also recommended a resizing of GSAP designated industrial
13  and residential areas to correspond with economic
14  development projections and to accommodate long-term planned
15  growth in Monterey County.  The Feasibility Study Preferred
16  Alternative included development guidelines addressing water
17  resources, transportation, biological resources, public
18  facilities, phasing, affordable housing, and expansion of
19  residential areas.  These guidelines were intended to be
20  adopted for use in the Specific Plan.

21       28.  On or about September 8, 1992, upon the
22  recommendation of County staff the Board adopted Ordinance
23  3627, amending Title 21 (Zoning) of the Monterey County
24  Code, thereby rezoning all property encompassed within the
25  GSAP, including Rancho San Juan ADC (the "Rezoning").  The
26  purpose of the Rezoning was both to comply with statutory
27  mandates that zoning conform to General Plan land use

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350      PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

12

1  designations, and as one means of implementing the General

2  Plan, the GMP and the GSAP.  By Ordinance 3627, the Rancho

3  San Juan ADC was zoned light industrial and high density

4  residential (5.1 units per acre), as required by state law

5  for consistency with the land use and density designations,

6  of the GSAP.

7      29.  On October 9, 1992, Concerned Citizens of Monterey

8  County et al. ("CCMC") filed a Petition for Writ of Mandate

9  challenging the Rezoning on CEQA grounds.  The CCMC

10  litigation had the potential to shut down all development

11  approvals in the Greater Salinas Area, and possibly

12  throughout the entire County. In order to settle said

13  lawsuit, County, through its then County Counsel Douglas

14  Holland, asked HYH to pay CCMC's legal fees and to accept a

15  rescission of the Rezoning as it applied to the ADC, pending

16  the timely adoption of a Specific Plan for the ADC,

17  consistent with the recommendations of the Feasibility Study

18  for reduced densities and reductions in overall water

19  consumption.  HYH agreed to County Counsel's request, and

20  County took steps to initiate its Specific Plan and EIR. In

21  order to facilitate funding of that planning, and pursuant

22  to its agreement with Petitioner concerning the CCMC

23  litigation, on February 16, 1993 County adopted Ordinance

24  No. 3664, enabling County to enter into agreements with

25  private parties for fee reimbursements for environmental

26  studies and plan processing (the "Reimbursement Ordinance").

27      30.  Over a year after the adoption of the

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

1  Reimbursement Agreement, the County Board of Supervisors

2  acted on March 22, 1994, to pass and adopt Agreement No. A-

3  06516, attached hereto as Exhibit "F", and incorporated by

4  reference herein.  Agreement No. A-06516 included that

5  certain Agreement For Preparation, Processing and

6  Reimbursement for Specific Plan and Environmental Impact

7  Report ("Plan Preparation Agreement") between County and

8  North Monterey Heights Corporation, a subsidiary of H-Y-H

9  CORPORATION, for payment of reimbursable costs for County

10  preparation of the Environmental Impact Report ("EIR") and

11  Specific Plan for the Rancho San Juan Area of Development

12  Concentration.  A copy of said Plan Preparation Agreement is

13  included in Exhibit "F", attached hereto.  The Board

14  concurrently approved an Agreement for Consultant Services

15  for Preparation of a Specific Plan and an Environmental

16  Impact Report ("Consultant Contract") between County and The

17  Planning Center (sometimes hereinafter the "Consultant") for

18  the preparation and processing of a *legally    adequate*   EIR and

19  Specific Plan.  A copy of the Consultant Contract is

20  included in Exhibit "F", attached hereto.

21       31.  Among other things, the Plan Preparation Agreement

22  specifies that the costs and fees incurred by North Monterey

23  Heights Corporation in connection with the settlement of the

24  CCMC litigation are a reimbursable cost and expense of

25  preparing the Specific Plan and the EIR, and that the

26  parties shall work cooperatively and diligently to insure

27  adherence to the schedule for preparation of the Specific

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY
14

1  Plan and EIR that is incorporated in the Consultant

2  Agreement.  That schedule specified bringing County's

3  Specific Plan and EIR through public hearings in thirty-

4  eight (38) weeks, i.e., by December 13, 1994.

5      32.  HYH timely tendered all requested payments under

6  the Plan Preparation Agreement to County on or about March

7  29, 1994 ($114,660), April 24, 1995 ($13,000), June 8, 1995

8  ($100,000), June 12, 1995 ($16,090), March 4, 1996

9  ($64,350), November 12, 1995, $85,146.50 (which included

10  $49,039 paid to County and $36,113.50 in costs and fees

11  related to the CCMC litigation that were reimbursable under

12  the Plan Preparation Agreement), October 6, 1997 ($48,630),

13  March 12, 1998 ($20,000), April 14, 1998 ($24,842) and

14  January 29, 1999 ($29,000).  The total sum presently

15  reimbursable to Petitioner under the Plan Preparation

16  Agreement is therefore $515,718.50.

17      33.  The Consultant Contract incorporates a County

18  scope of work which requires The Planning Center to prepare

19  a legally adequate Specific Plan and EIR for the County that

20  incorporates the Preferred Alternative of the Rancho San

21  Juan ADC Feasibility Study and implements the General Plan

22  and the Greater Salinas Area Plan, including its Rancho San

23  Juan ADC development guidelines and principles.  The

24  Consultant Contract specified completion of the Specific

25  Plan and EIR preparation and hearing process by December

26  1994 at a cost of $352,942.  That schedule was also

27  incorporated as a condition of County's Plan Preparation

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

1    Agreement with North Monterey Heights Corporation.   The

2    Consultant Contract specifies that Specific Plan assumptions

3    are to be established by the Preferred Alternative of the

4    Feasibility Study and County's Scope of Work based thereon.

5    See Scope of Work included in Exhibit "F", hereto.

6        34.   Because County had partially performed its

7    agreement with HYH respecting the CCMC litigation by

8    commencing the Specific Planning process, Petitioner entered

9    into an "Agreement Regarding Litigation" with CCMC

10   ("Agreement RE Litigation", attached hereto as Exhibit "A"),

11   and paid settlement monies on behalf of the County.   A

12   separate Compromise and Settlement Agreement (the

13   "Settlement Agreement") was entered into between CCMC and

14   County on October 21, 1994.   A copy of said Settlement

15   Agreement is attached hereto as Exhibit "B".   Pursuant to

16   the Settlement Agreement, County rescinded that portion of

17   the Rezoning applicable to the ADC.   The Settlement

18   Agreement also provides in pertinent part that upon receipt

19   of any application for discretionary development within the

20   ADC, County shall require the preparation of a Specific Plan

21   for the entire ADC *as reuired   bv' then   existing   land " use*

22   *regulations*.      The Settlement Agreement also anticipated that

23   County could initiate rezoning of the ADC, subject to

24   appropriate environmental analysis.

25       35.   County's preparation of the Specific Plan

26   progressed very slowly due to numerous delays occasioned by

27   County.   It took two to three years for the County to

HORAN, LLOYD 28
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350
PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

16

prepare a screen check Draft Specific Plan, circulate it to
County Departments, the City of Salinas, and local, regional
and state agencies for comment, and to prepare a first
administrative Draft Specific Plan, which the County
returned to the consultant.   In 1997 a second administrative
Draft Specific Plan and an administrative draft EIR was
circulated by County to its own departments, the City and
local, regional and state agencies for comment.   Finally,
after screen check drafts of the Specific Plan and EIR were
thus circulated, in December 1998 a Draft Specific Plan and
Draft EIR were circulated for public review by the County.
The Draft Specific Plan and EIR were thus circulated for
public review four (4) years behind schedule and four (4)
years and eight (8) months after County contracted for their
preparation.   Before the initial comment period closed on
said documents, County extended the comment period for
another forty (40) days.

36.   When the comment period finally closed on March
19, 1999, approximately 400 comments had been received.   HYH
requested County to direct the Consultant to prepare
responses to all comments.   Petitioner advised County that
it was ready, willing and able to provide any information
and/or additional funds over budget with which to complete
processing of County's Specific Plan and certification of
the EIR in accordance with the Plan Preparation Agreement.

37.   In late 1998, following the death of the County
Administrative Officer, the County hired a new County

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE

HYH v. COUNTY OF MONTEREY
17

1  Administrator.  On March 24, 1999, Petitioner and his

2  representatives met with the new County Administrative

3  Officer, Planning Director, Chief of Planning Services,

4  Intergovernmental Affairs representative, and then County

5  Counsel Douglas Holland in order to discuss County's

6  reaction to the comments which had been received.

7  Respondents generally advised Petitioner that, based on

8  Respondents' initial review of the comments, the draft

9  Specific Plan prepared for County would require major

10  amendments in order to be made legally adequate.  County

11  estimated the cost to HYH to make such modifications would

12  be approximately an additional $200,000 over and above the

13  $515,000 already advanced by Petitioner under the Plan

14  Preparation Agreement.  (The Plan Preparation Agreement and

15  Consultant Contract budgeted completion of the Specific Plan

16  and EIR for a cost of $352,942.)

17      38.  At the March 24, 1999 meeting, Petitioner was also

18  advised for the first time that County recommended

19  postponing further processing of its Specific Plan and EIR

20  until County had updated its General Plan.  County's CAO

21  stated that while the ADC may once have made sense, times

22  had changed, as reflected by increasing public and political

23  opposition to large projects approved by County and the City

24  of Salinas.  Petitioner responded that it wished County to

25  proceed with preparation and processing of the Specific Plan

26  and EIR and demanded that County authorize the Consultant to

27  prepare responses to the comments as specified in the Plan

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

18

1    Preparation Agreement. After all, by this time Petitioner

2    had advanced the County more than a half million dollars to

3    fund its planning work - and the County was now proposing to

4    simply shelve the process.  County's Planning Director

5    agreed as an interim measure to authorize the Consultant to

6    undertake a preliminary analysis of the comments which had

7    been received.  Petitioner and County agreed to set a new

8    meeting date when said work was completed.

9        39.  County authorized The Planning Center to provide

10   limited analysis of the comments on the draft Specific Plan

11   and EIR.  County limited that review to a classification of

12   the comments into four (4) categories: fundamental issues,

13   policy level issues, issues requiring additional

14   research/analysis, and comments raising no new issues or

15   requiring only minor clarification/elaboration.  The

16   clarification by the Consultant identified only four (4)

17   fundamental issues and thirty-two (32) policy level issues

18   out of more than four hundred (400) comments.  The analysis

19   was distributed to County and other agency staff by a

20   memorandum from the County project planner dated April 21,

21   1999.  The transmittal memorandum stated that County

22   departments would meet and confer twice regarding the

23   comments in preparation for a May 13, 1999 meeting with

24   project proponents to indicate how the County would address

25   the comments.

26       40.  Then, by memorandum dated May 12, 1999, County's

27   Chief of Planning Services recommended to County's Planning

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

PETITION FOR WRIT OF MANDATE                                    HYH v. COUNTY OF MONTEREY

19

1   Director that any applicant-funded work on the Specific Plan

2   for the ADC be suspended pending further analysis by County.

3   County's stated rationale for halting County preparation of

4   the Specific Plan and the EIR after five (5) years of

5   preparation at Petitioner's expense was that issues

6   regarding development within the ADC would be more

7   appropriately addressed within a soon to be initiated County

8   General Plan Update program and any subsequent area plan

9   refinements. However, County has never passed or adopted a

10   moratorium on development or planning in the GSAP area

11   pursuant to Government Code section 65858, or otherwise.

12   Nor has County or any court declared County's General Plan

13   invalid.

14        41.   On May 13, 1999, the scheduled meeting took place

15   between Petitioner and its representatives, County

16   Administrative Officer ("CAO") Sally Reed, County Counsel

17   Douglas Holland, Director of Planning & Building Inspection

18   William Phillips,  Consultant and certain of its

19   subcontractors, and senior County officials from concerned

20   County departments (Director of Environmental Health

21   Division, Walter Wong; Director of Water Resources Agency,

22   Michael Armstrong; Chief of Planning Services, Nick Chuilos;

23   Intergovernment Affairs, Jim Colangelo; two representatives

24   from the Sheriff's Department; two representatives of the

25   Fire Department; Public Works, George Devine; Director of

26   Monterey County Library, Bob McElroy; Tax

27   Collector/Treasurer Louis Solton; Interim Public Works

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

20

1  Director, Louis Garcia; and Water Resources Agency, Al

2  Mulholland.)   Respondents repeated that its Specific Plan

3  and EIR would require major revision at a cost of

4  approximately $200,000.   Petitioner responded that it was

5  County's responsibility to prepare a legally adequately

6  Specific Plan and EIR, but that all deficiencies in the work

7  done for the County, as reflected in the comments, could and

8  should be addressed through additional studies, mitigations

9  and alternatives in revised drafts of the Specific Plan and

10 EIR.

11     42.   Also at the May 13, 1999 meeting, County's CAO

12 stated that: a) County would not resume preparation of the

13 Specific Plan and EIR until after the General Plan update

14 was completed, and only then if there was still an ADC

15 designated for the Rancho San Juan ADC as a result of the

16 update; b) if HYH wished to advance the preparation of the

17 Specific Plan and EIR prior to completion of a General Plan

18 update, HYH would have to assume from the County the role of

19 project proponent and prepare and submit said documents to

20 County on its own; and c) *County staff would recommend*

21 *denial of the HYH's Specific Plan if brought to hearing*

22 *before the General Plan update was completed*.   In view of

23 the CAO's position regarding Specific Plan and EIR

24 preparation, the County department representatives did not

25 indicate how they proposed to address the comments that had

26 been received.

27     43.   Following the meeting of May 13, 1999,

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

21

1    Petitioner's representatives again demanded that Respondents

2    recommence preparation of the Specific Plan and EIR,

3    starting with Consultant's response to comments.

4    Thereafter, two and one-half months later, by letter dated

5    July 30, 1999, County Counsel Douglas Holland advised

6    Petitioner's counsel that County would resume processing of

7    the Specific Plan and EIR.   Petitioner is informed and

8    believes, and thereon alleges, that processing never resumed

9    and that County instructed the Consultant to suspend all

10   work on the Specific Plan and EIR.

11       44.   Prior to ceasing preparation of its Specific Plan,

12   County had been approving development for projects requiring

13   changes in the existing General Plan and Area Plan land use

14   designations, and such projects had been defeated or

15   withdrawn in the face of initiatives, petitions qualifying

16   ballot referendum measures and legal challenges.

17   Thereafter, Respondents proposed a number of legislative

18   measures antithetical to large development projects:

19           a.   In April, 1998, County Supervisor Perkins

20   requested former County Counsel Douglas Holland to prepare

21   an ordinance that would have prevented large-lot

22   subdivisions.   The ordinance drafted by County Counsel

23   contained no exception for the Rancho San Juan ADC or

24   subdivisions pursuant to a Specific Plan for said area.

25   Petitioner's representatives objected to said ordinance and

26   requested County Counsel to recommend inclusion of an

27   exemption for the ADC.   County Counsel declined to recommend

HOBAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

22

1 such exception.  Ultimately, County's Board of Supervisors

2 ("Board") did not adopt the proposed ordinance

3       b.    On or about September 14, 1999, County

4 Administrative Officer Sally Reed proposed for Board

5 consideration a resolution abating any further County

6 initiated General Plan amendments or Specific Plans pending

7 update of the County General Plan.  Said resolution would

8 have formalized the County's cessation of work on the ADC

9 Specific Plan.  Petitioner's representatives vigorously

10 objected to said resolution on the ground that it: was

11 inadequately noticed; improperly set on the consent agenda

12 for approval without public comment; would constitute a

13 breach of the Plan Preparation Agreement and the Settlement

14 Agreement; and would be inconsistent with the GSAP policies

15 and guidelines for the ADC and the draft Specific Plan.  On

16 September 13, 1999 the Board responded to Petitioner's

17 objections by pulling the proposed resolution from its

18 agenda without formal action and tabling it indefinitely.

19 Petitioner is informed and believes, and thereon alleges,

20 that the Board also voted that date to terminate County

21 Counsel Douglas Holland, who resigned his position as County

22 Counsel that day.

23       c.    Commencing in February, 1999, County staff

24 recommended amendments to the County's Subdivision

25 Ordinance, Title 19, prohibiting the establishment of water

26 supply based on a reduction of existing agricultural water

27 use on a parcel outside of a subdivision map application.

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE

HYH v. COUNTY OF MONTEREY

23

1  Respondent is the lead agency responsible under CEQA for

2  evaluating the environmental impacts of said amendments,

3  which constitute a project under CEQA.  Petitioner objected

4  to the ordinance containing said amendments in writing each

5  time it was thereafter brought before County decision-makers

6  for hearing on the grounds that such a prohibition as worded

7  appeared inconsistent with the planning for and

8  implementation of the ADC, including the GSAP, the Plan

9  Preparation Agreement, the MOU, the Settlement Agreement,

10  and the draft Specific Plan, and that significant

11  unmitigated impacts required additional CEQA analysis.  At

12  an October 12, 1999 Board hearing on said ordinance, Acting

13  County Counsel Adrienne Grover advised the Board that

14  adoption of the proposed amendments would preclude the

15  coordinated and planned development contemplated by County's

16  plan policies for the ADC.  Despite Petitioner's repeated

17  written and oral objections and requests for language

18  exempting the ADC from the effect of the ordinance, on

19  October 12, 1999, the Board passed said ordinance without

20  such modification, and adopted a negative declaration as its

21  final action.  A copy of Ordinance No. 04037 enacting said

22  amendments is attached hereto as Exhibit "C".

23      45.  Petitioner is informed and believes, and thereon

24  alleges, that it would be futile for Petitioner to seek any

25  discretionary development approvals for its property,

26  including any variance, or any change in GSAP land-use

27  designation or rezoning, by any means other than the

28

HORAN, LLOY...
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 939423350

PETITION FOR WRIT OF MANDATE                     HYH v. COUNTY OF MONTEREY

24

1  processing and adoption of a Specific Plan for the Rancho

2  San Juan ADC because:

3          a.    the GSAP element of the General Plan, as the

4  constitution for development in the County, prohibits any

5  discretionary development within the ADC prior to adoption

6  of a Specific plan for the entire ADC;

7          b.    Respondents' CAO has expressly stated

8  County's position in a meeting attended by representatives

9  of all affected County departments, that Respondents will

10 not further process the Specific Plan and EIR for the ADC

11 until the General Plan update has been completed, and that

12 if Petitioner wishes to submit its own Specific Plan and

13 EIR, County's Planning Department will recommend denial of

14 said plan if brought to a hearing before completion of the

15 County General Plan update process; and

16         c.    Respondents have previously tabled and

17 refused to further process Petitioner's North Monterey

18 Heights combined development permit for a preliminary map, a

19 rezoning and a General Plan amendment seeking to remove the

20 GSAP requirement for an overall ADC Specific Plan prior to

21 the processing of any discretionary development

22 applications.

### FIRST CAUSE OF ACTION
**(For Writ of Mandate [C.C.P. Section 1085]**
**To Compel Specific Plan Processing)**

25     46.   Petitioner realleges and incorporates by reference

26 herein, the allegations contained in Paragraphs 1 through

27 45, inclusive, hereof.

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

47.  The County's cessation of and refusal to recommence preparation and processing of the Specific Plan and the EIR constitute a prejudicial abuse of discretion. Specifically, Respondents failed to proceed in a manner required by law, thereby depriving Petitioner HYH of its federal constitutional rights to due process and equal protection in a manner which violates Petitioner's civil rights, in that:

a.  The Monterey County Planning and Building Inspection Department as the planning agency of the County, and the Board as the legislative body of the County, failed to complete Specific Planning for the Rancho San Juan ADC, as previously directed by the legislative body for the systematic implementation of the Rancho San Juan area of the General Plan.  The County thereby violated its statutory duty under Title 7, Article 8, section 65450 of the California Government Code;

b.  Respondents have ceased and refused to resume County's preparation and processing of the Specific Plan and EIR until after County updates its General Plan, while at the same time refusing for thirteen (13) years as a matter of General Plan policy to allow any discretionary development within the ADC until a Specific Plan has been adopted and an EIR certified for the ADC;

c.  Respondents have refused to perform their ministerial duties to prepare, process and certify an EIR for the Specific Plan project as required by the California

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE

HYH v. COUNTY OF MONTEREY

26

1   Environmental Quality Act ("CEQA");

2          d.    Respondents have refused to exercise their

3   discretion with respect to the adoption of a Specific Plan

4   and the certification of an EIR for the ADC;

5          e.    Respondents have rescinded existing zoning

6   for the ADC and failed to rezone property in the ADC,

7   including the HYH Property, for a period of six (6) years.

8   Said action placed the ADC and the HYH Property in a zoning

9   "White Hole" inconsistent with the General Plan and GSAP

10  land use designations for said properties;

11         f.    Respondents, by ceasing and refusing to

12  prepare and adopt the Specific Plan and to certify the EIR,

13  have acted contrary to the requirements of the MOU, the

14  Settlement Agreement and the Plan Preparation Agreement; and

15         g.    County's determination not to prepare and

16  process an EIR until after update of its General Plan is

17  inconsistent with state planning and zoning law and a breach

18  of the Settlement Agreement provision requiring said plan to

19  be prepared in accordance with "then existing land use

20  regulations", i.e., those regulations in effect at the time

21  the Plan Preparation Agreement was entered or the North

22  Monterey Heights application was accepted by County.

23      48.    Petitioner has no plain, speedy or adequate remedy

24  in the ordinary course of law unless the Court grants to

25  Petitioner a Writ of Mandate to require the Respondents to

26  comply with their legal duties to prepare, process and adopt

27  a Specific Plan for the Rancho San Juan ADC.    In the absence

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

27

1    of such remedies, the Respondents' failure to process and

2    adopt a Specific Plan will remain in violation of State law.

3    If Respondents are not so ordered to undertake such action,

4    Petitioner will suffer irreparable harm for which there is

5    no adequate remedy at law, in that County will update its

6    General Plan in a manner that may be, *inter   alia*,

7    inconsistent with the specific planning which has already

8    been done for the ADC at Petitioner's expense.  Said updated

9    General Plan may also rescind the ADC designation of the

10   Rancho San Juan area, including the HYH Property, and will

11   cause Petitioner further unreasonable delay and damage.

12   Moreover, until County adopts a Specific Plan and consistent

13   zoning for the ADC, Petitioner remains unable to determine

14   and apply for allowable uses of the HYH Property.

15       49.   Failure to implement the ADC by adopting a

16   Specific Plan and zoning as contemplated in the General

17   Plan, GSAP, Plan Preparation Agreement, Settlement Agreement

18   and MOU will irreparably harm the regional public welfare,

19   in that planned and orderly growth will not occur as

20   planned, thereby undermining adopted General Plan goals and

21   objectives, including, but not limited to, the provision of

22   regional and County long-term needs for residential and

23   economic growth, farmlands and resource conservation,

24   balanced jobs and housing, and development levels consistent

25   with long-term safe water yields.

26       50.   Petitioner seeks a peremptory writ of mandate

27   directing Defendants County and Does I through XX,

HORAN, LLOYD   28
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                          HYH v. COUNTY OF MONTEREY

                                                                  28

1  inclusive, to prepare and adopt a Specific Plan for the ADC.

2      51.  Petitioner's cause of action for mandamus is not a

3  claim for money or damages within the meaning of Government

4  Code Sections 905 and 905.2, and is not subject to claims

5  presentation requirements.

6  <center>**SECOND CAUSE OF ACTION**</center>

7  <center>**(For Writ of Mandate [C.C.P. Section 1085]**
**to Compel Compliance with Public Resources Code,**
**Division 13 (California Environmental Quality Act))**</center>

8

9      52.  Petitioner realleges and incorporates by reference

10  herein the allegations contained in paragraphs 1 through 51,

11  inclusive, hereof.

12      53.  The California Public Resources Code, Division 13

13  ("CEQA"), sets forth mandatory procedures to be performed by

14  local governments.  Representative of those procedures are

15  those set forth in Public Resources Code Sections 21082.2

16  and 21100.

17      54.  In particular, Section 21082.2, subd.(d) requires,

18  *inter    alia*,  that an EIR must be prepared whenever a proposed

19  project may have a significant effect on the environment.

20  Sections 21082.1, subd.(a), and 21100, subd.(a) require,

21  *inter    alia*,  that when an EIR is required, the lead agency is

22  responsible for preparing it.  Sections 21100 and 21151,

23  together with 14 California Code of Regulations section

24  15064(a)(1) and (f)(1) provide that an agency *must*  prepare

25  an EIR whenever a non-exempt project *may* cause a significant

26  effect on the environment.

27      55.  County has arbitrarily and capriciously failed to

28  proceed as required by law by its refusal to comply with its

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE            HYH v. COUNTY OF MONTEREY

29

mandatory obligations under the California Public Resources Code, Division 13, to prepare, process and adopt a final EIR for the ADC Specific Plan.

56. County's final decision to adopt a negative declaration for Ordinance No. 04037 in the face of record evidence raising a fair argument that potentially significant impacts of said action would not be reduced to a level of insignificance is not supported by substantial evidence and is therefore arbitrary and capricious.

57. Respondents' failures to comply with CEQA as described herein have denied important public rights affecting the public interest.

58. Petitioner's representatives and others made oral and written comments on the negative declaration for Ordinance No. 04037 and raised at the administrative level each of the legal deficiencies asserted in this Petition.

59. Petitioner performed all conditions precedent to filing this action by complying with the requirements of California Public Resources Code section 21167.5 in mailing notice of this action to County on November 5, 1999, attached hereto as Exhibit "G", and incorporated by reference herein.

60. Petitioner is informed and believes, and thereon alleges that as of November 4, 1999, Respondents had not filed with the County Clerk a Notice of Determination pursuant to Public Resources Code section 21152 and 14 California Code of Regulations section 15075 following the

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE

HYH v. COUNTY OF MONTEREY

30

1  adoption of the negative declaration for Ordinance No.

2  04037.

3      61.  Petitioner has no plain, speedy or adequate remedy

4  in the ordinary course of law unless the Court grants to

5  Petitioner a Writ of Mandate to require the Respondents to

6  comply with their legal duties to certify an EIR for the

7  Rancho San Juan ADC.  In the absence of such remedy, the

8  Respondents' failure to certify an EIR will remain in

9  violation of State law.  If the Respondents are not so

10  ordered to undertake such action, Petitioner will suffer

11  irreparable harm for which there is no adequate remedy at

12  law, in that County will update its General Plan in a manner

13  that may be, *inter    alia*,   inconsistent with the specific

14  planning and the CEQA analysis which has already been done

15  for the ADC at Petitioner's expense.  Said updated General

16  Plan may also rescind the ADC designation of the Rancho San

17  Juan area, including the HYH Property, and will cause ADC

18  property owners, including HYH, further unreasonable delay

19  and damage.  Moreover, until County certifies an EIR for an

20  ADC Specific Plan and rezoning, property owners in the ADC,

21  including HYH, will be unable to determine and apply for

22  allowable uses of their property and the ADC will not be

23  implemented.

24      62.  Failure to implement the ADC by adopting a

25  Specific Plan and zoning as contemplated in the General

26  Plan, GSAP, Plan Preparation Agreement, Settlement Agreement

27  and MOU will irreparably harm the environment, in that

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

1  planned and orderly growth will not occur as planned,

2  thereby undermining adopted General Plan goals and

3  objectives, including, but not limited to, the provision of

4  regional and County long-terms need for residential and

5  economic growth, farmlands and resource conservation,

6  balanced jobs and housing, and development levels consistent

7  with long-term safe water yields.

8     63.   Petitioner seeks a writ of mandate directing the

9  County to resume preparation and processing of and to

10  certify the EIR for the ADC Specific Plan and a rezoning of

11  ADC property within a reasonable time.

12     64.   Petitioner's cause of action for mandamus is not a

13  claim for money or damages within the meaning of Government

14  Code Sections 905 and 905.2, and is not subject to claims

15  presentation requirements.

16              **THIRD CAUSE OF ACTION**
                **(For Writ of Mandate [C.C.P. Section 1085]**
17              **To Compel County Adoption of ADC Zoning)**

18     65.   Petitioner realleges and incorporates by reference

19  herein the allegations contained in paragraphs 1 through 64,

20  inclusive, hereof.

21     66.   California Government Code, Title 7, Division 1,

22  sets forth mandatory requirements for local zoning

23  ordinances.

24     67.   In particular, Government Code Section 65860,

25  requires, *inter   alia*,  that County zoning ordinances shall be

26  consistent with the County General Plan.

27     68.   County has failed and refused to comply with its

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

32

1  mandatory obligations under the Government Code, Title 7,

2  Division 1, by rescinding the zoning for the ADC and failing

3  to take steps to adopt zoning consistent with the GSAP,

4  through preparation and adoption of a Specific Plan or

5  otherwise, with the result that HYH has been and continues

6  to be injured in the manner described hereinabove.

7      69.  Petitioner has no plain, speedy or adequate remedy

8  in the ordinary course of law unless the Court grants to

9  Petitioner a Writ of Mandate to require the Respondents to

10  comply with their legal duties to adopt zoning for the

11  Rancho San Juan ADC consistent with the GSAP component of

12  the General Plan.  In the absence of such remedy,

13  Respondents' failure to adopt zoning will remain in

14  violation of State law.  If Respondents are not so ordered

15  to undertake such action, Petitioner will suffer irreparable

16  harm for which there is no adequate remedy at law, in that

17  County will update its General Plan in a manner that may be,

18  *inter   alia*,   inconsistent with the specific planning which

19  has already been done for the ADC at Petitioner's expense.

20  Said updated General Plan may also rescind the ADC

21  designation of the Rancho San Juan area, including the HYH

22  Property, and will cause Petitioner further unreasonable

23  delay and damage.

24      70.  Failure to implement the ADC by adopting a

25  Specific Plan and zoning as contemplated in the General

26  Plan, GSAP, Plan Preparation Agreement, Settlement Agreement

27  and MOU will irreparably harm the regional public welfare,

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

33

1   in that planned and orderly growth will not occur as

2   planned, thereby undermining adopted General Plan goals and

3   objectives, including, but not limited to, the provision of

4   regional and County long-term needs for residential and

5   economic growth, farmlands and resource conservation,

6   balanced jobs and housing, and development levels consistent

7   with long-term safe water yields.

8       71.   Petitioner seeks a writ of mandate directing the

9   County to adopt effective and constitutional zoning for the

10  HYH Property within a reasonable time consistent with the

11  GSAP policies and guidelines in effect as of the March 22,

12  1994 date of the Plan Preparation Agreement.

13      72.   Petitioner's cause of action for mandamus is not a

14  claim for money or damages within the meaning of Government

15  Code Sections 905 and 905.2, and is not subject to claims

16  presentation requirements.

17                  **FOURTH CAUSE OF ACTION**
                  **(For Writ of Mandate [C.C.P. Section 1085]**
18                **To Rescind or Amend Ordinance No. 04037**
          **Based on Facial Constitutional and Statutory Defects )**
19

20      73.   Petitioner realleges and incorporates by reference

    herein, the allegations contained in paragraphs 1 through
21
    72, inclusive, hereof.
22
        74.   County's Ordinance No. 04037 amending the County
23
    Subdivision Ordinance, Title IX, prohibiting the
24
    establishment of water supply based on a reduction of
25
    existing agricultural water use on a parcel outside of a
26
    subdivision map application constituted a prejudicial abuse
27
    of discretion.  Specifically, the County and the Board

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

34

1 | failed to proceed in a manner required by law, in that
2 | Ordinance No. 04037 appears on its face and by its terms to
3 | be inconsistent with the systematic implementation of
4 | County's General Plan, Growth Management Policy and GSAP
5 | requirements for the ADC, as previously directed by the
6 | legislative body.  Such implementation requires the
7 | preparation and adoption of a Specific Plan for the entire
8 | ADC.  County prepared a Scope of Work for said Specific Plan
9 | and its EIR which required consistency with the Feasibility
10 | Study, including the development guidelines thereof.
11 | Because of water resources constraints, the Feasibility
12 | Study recommended a Preferred Alternative that reduced
13 | residential density to 1.85 units per acre.  The development
14 | guidelines of the Feasibility Study further limited
15 | groundwater use to 1,950 acre feet per year overall,
16 | specifying that groundwater consumption should cease for
17 | existing agricultural uses when the Specific Plan is
18 | approved.  County Counsel opined that Ordinance No. 04037
19 | was inimical to the implementation of the above-described
20 | planning pursuant to the General Plan.  As an inferior
21 | ordinance inconsistent with the implementation of General
22 | Plan, County's adoption of Ordinance No. 04037 was void *ab*
23 | *initio*.
24 | 75.  Nothing in Ordinance No. 04037 or the County
25 | Subdivision Ordinance authorizes the County to consider an
26 | application for a variance, exception or deviation from the
27 | amendment provisions enacted by said Resolution.

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

PETITION FOR WRIT OF MANDATE

HYH v. COUNTY OF MONTEREY

35

76.   Petitioner has no plain, speedy or adequate remedy in the ordinary course of law unless the Court grants to Petitioner a Writ of Mandate to require the Respondents to comply with their legal duties to rescind or amend Ordinance No. 04037 to the extent required to render it consistent with the superior provisions of the General Plan and Area plans.   If Respondents are not so ordered to undertake such action, Petitioner will suffer irreparable harm for which there is no adequate remedy at law, in that the specific planning done by County at Petitioner's expense and the implementation of the GSAP policies and guidelines for the ADC will be inconsistent with County's Subdivision Ordinance, and will cause Petitioner further unreasonable delay and damage.   Moreover, until County adopts a Specific Plan and consistent zoning for the ADC, Petitioner remains unable to determine and apply for allowable uses of the HYH Property.

77.   Failure to implement the ADC by adopting a Specific Plan and zoning as contemplated in the General Plan, GSAP, Plan Preparation Agreement, Settlement Agreement and MOU will irreparably harm the regional public welfare, in that planned and orderly growth will not occur as planned, thereby undermining adopted General Plan goals and objectives, including, but not limited to, the provision of regional and County long-term needs for residential and economic growth, farmlands and resource conservation, balanced jobs and housing, and development levels consistent

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

36

1  with long-term safe water yields.

2  78. Petitioner seeks a peremptory writ of mandate

3  directing Defendants County and Does I through XX,

4  inclusive, to rescind or amend Ordinance No. 04037, in order

5  to except from its provisions any subdivision application

6  processed in accordance with an adopted Specific Plan for

7  the ADC.

8  79. Petitioner's cause of action for mandamus is not a

9  claim for money or damages within the meaning of Government

10 Code Sections 905 and 905.2, and is not subject to claims

11 presentation requirements.

12                    **FIFTH CAUSE OF ACTION**
   (Declaratory Relief Re County Duty to Prepare, Process and
13 Adopt A Specific Plan, Certify an EIR and Adopt Zoning)

14 80. Petitioner realleges and incorporates by reference

15 herein the allegations contained in paragraphs 1 through 79,

16 inclusive, hereof.

17 81. An actual controversy has arisen and now exists

18 between Petitioner on the one hand and Respondents on the

19 other relative to their respective rights and duties as

20 hereinabove set forth. Petitioner contends that, in view of

21 all attendant facts and circumstances, it is entitled to

22 have County, within a reasonable time, prepare, process and

23 adopt a Specific Plan, certify an EIR and adopt zoning, all

24 consistent with the GSAP policies and guidelines in effect

25 as of the March 22, 1994 date of the Plan Preparation

26 Agreement, or earlier. Petitioner is informed and believes,

27 and on the basis of such information and belief alleges,

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY
                                                                    37

1  that the Respondents take the position in this matter

2  contrary to that of Petitioner.

3       82.   Petitioner desires a judicial determination of its

4  rights and duties arising out of all of the facts and

5  circumstances hereinabove set forth.  Such a declaration is

6  necessary and appropriate at this time for the reason that

7  Petitioner is irreparably injured and will continue to

8  suffer irreparable injury until such time as such

9  declaration is made.

10      83.   Petitioner's cause of action for declaratory

11 relief is not a claim for money or damages within the

12 meaning of Government Code Sections 905 and 905.2, and is

13 not subject to claims presentation requirements.

14                    **SIXTH CAUSE OF ACTION**
                   **(Declaratory Relief -**
15  **Ordinance No. 04037 is Invalid, Null and Void** *Ab Initio*)

16      84.   Petitioner realleges and incorporates by reference

17 herein the allegations contained in paragraphs 1 through 83,

18 inclusive, hereof.

19      85.   An actual controversy has arisen and now exists

20 between Petitioner on the one hand and Respondents on the

21 other relative to their respective rights and duties as

22 hereinabove set forth.  Petitioner contends that Ordinance

23 No. 04037 is invalid and null and void on its face and/or as

24 applied to the ADC and the HYH Property, inasmuch as it is

25 inconsistent with the provisions of the GSAP requiring a

26 Specific Plan for overall development planning of the ADC,

27 and is therefore subordinate to said plan policies.

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                          HYH v. COUNTY OF MONTEREY
                                                                        38

1    Petitioner is informed and believes, and on the basis of

2    such information and belief alleges, that the Respondents

3    take the position in this matter contrary to that of

4    Petitioner.

5        86.   Petitioner desires a declaration that Ordinance

6    No. 04037 is on its face inconsistent with and subordinate

7    to the superior General Plan and GSAP policies and

8    guidelines for the ADC, and therefore invalid, null and void

9    *ab initio*    as applied to the processing, adoption and

10   implementation of a Specific Plan for the ADC, including the

11   subsequent subdivision and development of properties

12   therein.

13       87.   Petitioner's cause of action for declaratory

14   relief is not a claim for money or damages within the

15   meaning of Government Code Sections 905 and 905.2, and is

16   not subject to claims presentation requirements.

17                   **SEVENTH CAUSE OF ACTION**
                 **(Denial of Equal Protection of the Law -**
18                   **Fourteenth Amendment of the**
                   **Constitution of the United States)**

19

20       88.   Petitioner realleges and incorporates by reference

21   herein the allegations contained in paragraphs 1 through 87,

     inclusive, hereof.
22
         89.   Petitioner has been arbitrarily, wrongfully,
23
     unlawfully and unreasonably denied processing of
24
     Petitioner's 1989 application for the development of North
25
     Monterey Heights as a result of County's cessation of and
26
     failure to recommence processing of the Specific Plan which
27
     was established by County as a prerequisite to development

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

39

1  within the ADC.  In contrast, other property owners in

2  Monterey County, including other owners of property within

3  the area subject to the Greater Salinas Area Plan, were

4  permitted to process applications for land use approvals

5  necessary to develop their properties.  Additionally, County

6  has not objected to developments approved by the City of

7  Salinas which are identified in the MOU, and later

8  amendments thereto, as consideration for acknowledging the

9  County's authority to approve development within the ADC.

10 Nor has County defended its ADC Specific Plan and EIR or its

11 rights under the MOU against criticisms and recommendations

12 by the City of Salinas that, contrary to the provisions of

13 the MOU, County should not authorize any development within

14 the ADC.

15   90.  By their arbitrary and wrongful acts herein

16 described, Respondents have attempted unreasonably to

17 prevent planning for and development of Petitioner's

18 property.  In so doing, Respondents have treated Petitioner

19 in a discriminatory and unequal manner as opposed to the

20 owners of comparable properties in the County and the GSAP

21 area, in violation of the Fourteenth Amendment of the

22 Constitution of the United States.

23   91.  As a direct and proximate result of the County's

24 violations of the United States Constitution, Petitioner has

25 suffered damages and is entitled to recover damages in an

26 amount according to proof at trial together with its

27 reasonable attorneys' fees and costs as determined by the

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

40

1   Court.

2       92.   Petitioner's cause of action based on denial of

3   equal protection is not a claim for money or damages within

4   the meaning of Government Code Sections 905 and 905.2, and

5   is not subject to claims presentation requirements.

6                   **EIGHTH CAUSE OF ACTION**
        **(Denial of Equal Protection of the Law - California Law)**

7

8       93.   Petitioner realleges and incorporates by reference

9   herein the allegations contained in paragraphs 1 through 92,

10  inclusive, hereof.

11      94.   As a result of the arbitrary and wrongful acts

12  herein described, Respondents have treated Petitioner in an

13  invidiously discriminatory manner as opposed to other

14  properties and persons in the same general area, in

15  violation of equal protection provisions of the Constitution

16  of the State of California.

17      95.   As a direct and proximate result of the County's

18  violations of the Constitution of the State of California,

19  Petitioner has suffered damages and is entitled to recover

20  damages in an amount according to proof at trial together

21  with its reasonable attorneys' fees and costs as determined

22  by the Court.

23      96.   Petitioner's cause of action based on denial of

24  equal protection is not a claim for money or damages within

25  the meaning of Government Code Sections 905 and 905.2, and

26  is not subject to claims presentation requirements.

27                   **NINTH CAUSE OF ACTION**
                 **(Denial of Due Process of Law -**
28               **Fifth and Fourteenth Amendments**

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

1    **of the Constitution of the United States)**

2    97.   Petitioner realleges and incorporates by reference

3    herein the allegations contained in paragraphs 1 through 96,

4    inclusive, hereof.

5    98.   Considered together, the following actions and

6    inactions of Respondents, taken together, constitute an

7    invalid exercise of the police power, inasmuch as they

8    damage the HYH Property, depriving Petitioner of the right

9    to determine the uses to which its property may be put and

10   to seek approvals for such uses, in violation of the Fifth

11   and Fourteenth Amendments of the Constitution of the United

12   States:

13          a.   Respondents' cessation of and determination

14   not to further process Petitioner's Combined Development

15   Application for North Monterey Heights until County adopted

16   a Specific Plan for the ADC;

17          b.   Respondents' delay of more than seventeen

18   (17) years since the General Plan designation of the ADC as

19   a Study Area, and more than thirteen (13) years since the

20   formal GSAP designation of said area as an ADC, without

21   County implementation of said ADC through adoption of a

22   Specific Plan and EIR which County's GSAP establishes as a

23   prerequisite to any discretionary development in the ADC;

24          c.   Respondents' rescission of the existing ADC

25   zoning and the effective placement of the ADC, including

26   Petitioner's property, in a zoning "White Hole" since 1993;

27   and

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

d.    Respondents' cessation of and refusal to resume processing of the Specific Plan and EIR in violation of the Plan Preparation Agreement, the Settlement Agreement and the MOU.

99.    As a direct and proximate result of the Respondents' above-described violations of the United States Constitution, Petitioner has suffered damages and is entitled to recover damages in an amount according to proof at trial together with its reasonable attorneys' fees and costs as determined by the Court.

100.    Petitioner's cause of action based upon a denial of due process of law is not a claim for money or damages within the meaning of Government Code Sections 905 and 905.2, and is not subject to claims presentation requirements.

### TENTH CAUSE OF ACTION
(Violation of Civil Rights - 42 U.S.C. section 1983)

101.    Petitioner realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 100, inclusive, hereof.

102.    Petitioner has been arbitrarily, wrongfully, unlawfully and unreasonably denied County processing of Petitioner's 1989 application for the development of North Monterey Heights and the ability to determine and apply for allowable uses of its property by Respondents' actions and inactions:

a. County has ceased and refused to recommence preparation, processing and adoption of the Specific Plan

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

43

which was established by County as a prerequisite to
development within the ADC, denying Petitioner the right to
seek any discretionary development approval for a period of
thirteen (13) years. In contrast, other property owners in
Monterey County, and specifically other owners of property
within the area subject to the GSAP were permitted the
opportunity to apply for development of their properties;

   b. County has rescinded the zoning for the HYH
Property and placed it in a zoning "White Hole" for six (6)
years. At the same time the County has not objected to
developments approved by the City of Salinas which are
identified in the MOU as consideration for allowing the
County to approve development within the ADC; and

   c. County's adoption of Ordinance No. 04037
enacting amendments to the Subdivision Ordinance
inconsistent with the Greater Salinas Area Plan, the Plan
Preparation Agreement, Settlement Agreement, the MOU, and
the requirements of CEQA.

  103. By their arbitrary and wrongful acts herein
described, Respondents have attempted unreasonably to
prevent planning for and development of the HYH Property.
In so doing, Respondents have acted under color of state law
to treat Petitioner in a discriminatory and unequal manner
as opposed to the owners of comparable properties in the
GSAP area, in violation of Petitioner's federal
constitutional and statutory rights.

  104. As a direct and proximate result of Respondents'

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE      HYH v. COUNTY OF MONTEREY

44

1  actions hereinabove described, Petitioner has been deprived

2  of federal constitutional and statutory rights and is

3  entitled to recover damages in an amount according to proof

4  at trial together with its reasonable attorneys' fees and

5  costs as determined by the Court.

6      105. Petitioner's cause of action based on 42 U.S.C.

7  section 1983 is not a claim for money or damages within the

8  meaning of Government Code Sections 905 and 905.2, and is

9  not subject to claims presentation requirements.

10              **ELEVENTH CAUSE OF ACTION**
                **(Inverse Condemnation - Taking of Private**
11         **Property Without the Payment of Just Compensation)**

12      106. Petitioner realleges and incorporates by reference

13  herein the allegations contained in paragraphs 1 through

14  105, inclusive, hereof.

15      107. By reason of the foregoing, the HYH Property and

16  the funds previously expended by Petitioner pursuant to the

17  Plan Preparation Agreement for reports, plans, studies, and

18  improvements, have been taken for public use, without the

19  payment of just compensation as required by the Fifth and

20  Fourteenth Amendments of the Constitution of the United

21  States and Article 1, Section 19 of the Constitution of the

22  State of California, in that the HYH Property has been taken

23  or damaged by Respondents' following actions and inactions:

24          a.   refusal to implement the ADC, including

25  County's failure and refusal to prepare and adopt a Specific

26  Plan and certify an EIR that would permit Petitioner to

27  determine the allowable uses of its property and to apply

28

1  for approval of such uses;

2      b.   denial of Petitioner's reasonable investment-
3  backed expectations premised on the General Plan, the Growth
4  Management Policy, the GSAP designation of Rancho San Juan
5  as an area of development concentration with specified
6  densities and uses, the MOU, the Settlement Agreement, and
7  the Plan Preparation Agreement;

8      c. adoption of Ordinance No. 04037 to the extent
9  it is inconsistent with the implementation of the ADC
10 required by County's General Plan and GSAP as a prerequisite
11 to development of ADC property, including the HYH Property;

12     d.   rescission of existing zoning for the ADC and
13 failure to rezone property in the ADC, including the HYH
14 Property, for a period of six (6) years; and

15     e.   breach of the Plan Preparation Agreement, the
16 Settlement Agreement and the MOU, by ceasing and refusing to
17 prepare and adopt the Specific Plan and to certify the EIR
18 for the Rancho San Juan ADC after compelling HYH to pay over
19 half a million dollars to fund these studies and the
20 settlement of the CCMC litigation.

21     108. Petitioner is informed and believes, and thereon
22 alleges that all times herein mentioned, Respondents, and
23 each of them, were acting on behalf of the County, and
24 Petitioner's property was taken by virtue of those acts on
25 behalf of and for the use of the County.

26     109. By reason of the foregoing, Petitioner has been
27 damaged and is entitled to compensation from Respondents,

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY
                                                                    46

1  and each of them, in a sum which represents the fair market

2  value of the HYH Property, together with interest thereon at

3  the prevailing market rate.  Petitioner has not yet

4  ascertained said fair market value, and prays leave of the

5  Court to amend this Petition and Complaint when such value

6  is accurately ascertained.  Such value is greatly in excess

7  of any jurisdictional amount.  Petitioner is also entitled

8  to compensation (including interest) of the sums HYH

9  advanced pursuant to the Plan Preparation Agreement for the

10  planning and studies that County now refuses to conclude.

11     110. As result of Respondent's wrongful conduct as set

12  forth above, it has been necessary for Petitioner to engage

13  attorneys and incur expenses of legal counsel to enforce its

14  right to just compensation.  It will also be necessary for

15  Petitioner to incur further reasonable costs, disbursements,

16  and expenses, including reasonable appraisal and engineering

17  fees, to enforce its right to just compensation.

18     111. As a direct and proximate result of the

19  Respondents' violations of the Constitutions of the United

20  States and the State of California and of California law,

21  Petitioner has suffered damages and is entitled to recover

22  damages in an amount according to proof at trial together

23  with its reasonable attorneys' fees and costs as determined

24  by the Court.

25     112. Petitioner's cause of action for inverse

26  condemnation based on regulatory taking is not a claim for

27  money or damages within the meaning of Government Code

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                          HYH v. COUNTY OF MONTEREY

47

1   Sections 905 and 905.2, and is not subject to claims

2   presentation requirements.

3                    **TWELFTH CAUSE OF ACTION**
           (Inverse Condemnation - Damages for Delay)

4

5       113. Petitioner realleges and incorporates by reference

6   herein the allegations contained in paragraphs 1 through

7   112, inclusive, hereof.

8       114. By reason of the foregoing, the HYH Property and

9   the funds previously expended by HYH pursuant to the Plan

10  Preparation Agreement for reports, plans, studies, and

11  improvements, have thus far been taken for public use,

12  without the payment of just compensation as required by the

13  Fifth and Fourteenth Amendments of the Constitution of the

14  United States and Article 1, Section 19 of the Constitution

15  of the State of California, in that the HYH Property has

16  been taken or damaged and Petitioner has been deprived of

17  the right to determine its ability to develop or to develop

18  its property for the last thirteen (13) years.   The above-

19  described actions and inactions of Respondents are beyond

20  the lawful and proper scope of its legitimate powers and are

21  confiscatory and constitute a taking and/or damaging of the

22  HYH Property.

23      115. Petitioner has been damaged because, as more fully

24  alleged hereinabove, Respondents, and each of them, have

25  unconscionably delayed development of the HYH Property for a

26  period in excess of thirteen (13) years from the date of the

27  GSAP adoption, in that Respondents have:

28           a.    Rescinded and failed to reestablish zoning

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY
                                                                    48

1  for the ADC and the HYH Property for a period of six (6)

2  years; and

3         b.    Ceased and refused to recommence preparation,

4  processing and adoption of the County initiated Specific

5  Plan and EIR, in violation of Respondents' statutory duties

6  and in breach of the requirements of the General Plan, the

7  GSAP, the MOU, the Settlement Agreement and the Plan

8  Preparation Agreement, while at the same time refusing for

9  thirteen (13) years, as a matter of General Plan policy, to

10 process HYH's application for development of North Monterey

11 Heights or to allow any discretionary development within the

12 ADC until a Specific Plan has been adopted and an EIR

13 certified for said area;

14         c.    Failed to adopt zoning consistent with the

15 implementation of the ADC required by County's General Plan

16 and GSAP as a prerequisite to development of ADC property,

17 including the HYH Property; and

18         d.    Breached the Plan Preparation Agreement, the

19 Settlement Agreement and the MOU, by failure to rezone the

20 entire ADC property, including the HYH Property.

21     116. Petitioner is informed and believes, and thereon

22 alleges that all times herein mentioned, Respondents, and

23 each of them, were acting on behalf of the County, and that

24 the HYH Property was taken or damaged by virtue of those

25 acts on behalf of and for the use of the County.

26     117. As result of Respondents' wrongful conduct as set

27 forth above, it has been necessary for Petitioner to engage

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

1 | attorneys and incur expenses of legal counsel to enforce its

2 | right to just compensation.  It will also be necessary for

3 | Petitioner to incur further reasonable costs, disbursements,

4 | and expenses, including reasonable appraisal and engineering

5 | fees, to enforce its right to just compensation.

6 | 118. As a direct and proximate result of the foregoing,

7 | Petitioner has been damaged and is entitled to compensation

8 | from Respondents, and each of them, in a sum which

9 | represents the fair market value of the loss of use of the

10 | HYH Property during the thirteen (13) year delay, together

11 | with interest thereon at the prevailing market rate.

12 | Petitioner has not yet ascertained said fair market value,

13 | and prays leave of the Court to amend this Petition and

14 | Complaint when such value is accurately ascertained.  Such

15 | value is greatly in excess of any jurisdictional amount.

16 | 119. Petitioner's cause of action for inverse

17 | condemnation based on regulatory taking is not a claim for

18 | money or damages within the meaning of Government Code

19 | Sections 905 and 905.2, and is not subject to claims

20 | presentation requirements.

21 | **THIRTEEN CAUSE OF ACTION**
   **(Estoppel)**

22 |

23 | ~~120.~~ Petitioner realleges and incorporates by reference

23 | herein the allegations contained in paragraphs 1 through

24 | 119, inclusive, hereof.

25 |

26 | 121. Petitioner has relied to its detriment on promises

26 | and representations of Respondents in their capacity as

27 | authorized officials of County, and based on such reliances,

28 |

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY
                                                                              50

1   changed its position to its detriment.  In reliance upon the

2   Respondents' deferral of processing of the North Monterey

3   Heights application until a Specific Plan had been prepared,

4   and in further reliance upon the Settlement Agreement, the

5   Reimbursement Ordinance, the Plan Preparation Agreement, the

6   Feasibility Study and the Memorandum of Understanding

7   between County and the City of Salinas, Petitioner

8   reasonably believed that the HYH Property was suitable for

9   development and that a Specific Plan would be processed and

10  adopted and an EIR certified for the ADC if Petitioner would

11  advance funding for the preparation of said Specific Plan

12  and EIR.  Thereafter, in reliance on the County's

13  representations that a Specific Plan would be timely

14  processed and adopted and an EIR certified, so that

15  processing of the North Monterey Heights application could

16  resume, Petitioner: a) acceded to an obligation to pay to

17  County a proportionate share of the cost of County's

18  Feasibility Study for the ADC; and b) advanced monies

19  amounting to more than half a million dollars for the

20  preparation of County's Specific Plan and EIR over a period

21  of more than five (5) years; and c) paid monies for the

22  express benefit of County to settle the CCMC litigation

23  against County under an agreement that required preparation

24  of a Specific Plan and EIR.

25       122. Respondents are thus estopped to deny that

26  Petitioner has acquired a right to have County expeditiously

27  complete the preparation, processing and adoption of a

HORAN, LLOYD  28
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY
                                                                    51

1   legally adequate Specific Plan and effective, constitutional

2   zoning, and to certify an EIR for the ADC, all consistent

3   with the GSAP policies and guidelines in effect as of the

4   March 22, 1994 date of the Plan Preparation Agreement, or

5   earlier.

6       123. Petitioner's cause of action for estoppel is not a

7   claim for money or damages within the meaning of Government

8   Code Sections 905 and 905.2, and is not subject to claims

9   presentation requirements.

10                          **PRAYER**

11      WHEREFORE, Petitioner prays for judgment against

12  Defendants, and each of them, as follows:

13      A.   On the First Cause of Action. for extraordinary

14  relief in the nature of mandamus (or injunction) directing

15  Respondents to expeditiously prepare, process and adopt a

16  legally adequate Specific Plan for the Rancho San Juan ADC

17  in accordance with the existing GSAP, the Plan Preparation

18  Agreement and the Settlement Agreement;

19      B.   On the Second Cause of Action. for extraordinary

20  relief in the nature of mandamus or injunction directing

21  Respondents to expeditiously prepare, process and certify a

22  legally adequate EIR for the Rancho San Juan ADC Specific

23  Plan in accordance with the Plan Preparation Agreement, the

24  Settlement Agreement and CEQA;

25      C.   On the Third Cause of Action, for extraordinary

26  relief in the nature of mandamus (or injunction directing

27  Respondents to adopt effective and constitutional zoning for

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

1   the HYH Property within a reasonable time, consistent with

2   the GSAP policies and guidelines in effect as of the date of

3   the Rezoning;

4       D.    On the Fourth Cause of Action, for extraordinary

5   relief in the nature of mandamus or injunction directing

6   Respondents to rescind or amend Ordinance No. 04037, in

7   order to except from its provisions any subdivision

8   application processed in accordance with an adopted Specific

9   Plan for the ADC;

10      E.    On the Fifth Cause of Action, in the alternative

11  to the First, Second and Third Causes of Action, for

12  declaratory relief in the form of a judgment declaring that

13  Defendants have a duty to expeditiously prepare, process and

14  adopt a legally adequate Specific Plan and EIR and to

15  establish constitutional zoning for the ADC, all consistent

16  with the GSAP policies and guidelines in effect as of the

17  March 22, 1994 date County adopted the Plan Preparation

18  Agreement, or earlier, and in addition, to be compensated

19  for Petitioner's losses of use, value, and damages

20  heretobefore described and suffered, with interest thereon;

21      F.    On the Sixth Cause of Action, in the alternative

22  to the Fourth Cause of Action, for declaratory relief in the

23  form of a judgment declaring that Ordinance No. 04037 is

24  invalid and null and void on its face and/or as applied to

25  development within the ADC and the HYH Property;

26      G.    On the Seventh, Eighth and Ninth Causes of Action

27  for constitutional violations, damages in an amount

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

28

PETITION FOR WRIT OF MANDATE

HYH v. COUNTY OF MONTEREY

53

according to proof at trial;

H.    On the Tenth Cause of Action for violation of civil rights, for damages in an amount according to proof at trial;

I.    On the Eleventh Cause of Action for unconstitutional taking of private property, for damages in an amount according to proof at trial;

J.    On the Twelfth Cause of Action for unconstitutional delay, for damages in an amount according to proof at trial;

K.    On the Thirteenth Cause of Action for estoppel, for a judgment declaring that Respondents are estopped to deny that Petitioner has acquired a right to have County expeditiously complete the preparation, processing and adoption of a legally adequate Specific Plan and EIR and to establish constitutional zoning for the ADC, all consistent with the GSAP policies and guidelines in effect as of the March 22, 1994 date of the Plan Preparation Agreement, or earlier.

### OTHER RELIEF

L.    For costs of suit arising from the prosecution of this action.

M.    For reasonable attorneys fees, expert fees and other reasonable expenses of litigation;

N.    For interest at the proper rate on all the foregoing compensation, losses, damages and expenditures; and

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY

54

1   O.   For such other, further and additional relief,

2   alternatively and cumulatively, as the Court may deem

3   appropriate in the premises.

4

5   Date: *November 10*, 1999        HORAN, LLOYD LAW OFFICES

6

7   BY: _____
                    Mark A. Blum
8                   Attorneys for Petitioner

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HORAN, LLOYD
LAW OFFICES
499 VAN BUREN
P.O. BOX 3350
MONTEREY, CALIFORNIA 93942-3350

PETITION FOR WRIT OF MANDATE                    HYH v. COUNTY OF MONTEREY
                                                                            55

**VERIFICATION**

I, _____, am the petitioner in the above-entitled proceedings. I have read the foregoing petition and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HYH Corporation

Date:_____     By:_____

Moe Nobari
Its President

---