1  OFFICE OF THE MONTEREY COUNTY COUNSEL
   CHARLES J. MCKEE (SBN 152458), COUNTY COUNSEL
2  LEROY W. BLANKENSHIP (SBN 065233), ASSISTANT COUNTY COUNSEL
   EFREN N. IGLESIA (SBN 71309), SENIOR DEPUTY COUNTY COUNSEL
3  168 W. ALISAL, 3RD FLOOR
   SALINAS, CA  93901-2680
4  Telephone:  (831) 755-5045; Facsimile:  (831) 755-5283

5  NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
   STEPHEN N. ROBERTS (SBN 062538)
6  50 CALIFORNIA STREET, 34TH FLOOR
   SAN FRANCISCO, CALIFORNIA 94111-4799
7  Telephone: (415) 398-3600; Facsimile: (415) 398-2438

8  NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
   JOHN J. FLYNN III (SBN 076419)
9  18101 VON KARMAN AVENUE
   IRVINE, CA  92612-0177
10 Telephone: (949) 833-7800; Facsimile: (949) 833-7878

11 Attorneys for Defendants/Respondents

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

| | |
|---|---|
| IN RE MONTEREY REFERENDUM, | Case Nos.: C 06-2369 JW |
| RANCHO SAN JUAN, ET AL. | C 06-02202 JW (Related Cases) |
| Plaintiffs, | **MOTION FOR CONSOLIDATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| BOARD OF SUPERVISORS, ET AL. | |
| Defendants. | |
| SABRAS RANGEL ET AL. | Date and Time: Requested without hearing pursuant to Local Rule 7-1(b) |
| Plaintiffs, | |
| vs. | Judge: Hon. James Ware<br>Courtroom: 8 |
| COUNTY OF MONTEREY, ET AL. | |
| Defendants | |

## MOTION

Pursuant to Local Rule 7-1(b), this motion is made to request that the Court decide it without hearing, or if there is to be a hearing an expedited telephone hearing. Consequently no specific date and time of hearing are noticed or requested.

Defendants and respondents ("Defendants") in both *In re Monterey Referendum Cases,* No. C 06-2369 JW and C 06-2202 JW, and *In re Monterey Initiative Cases,* No. CV-06-1407 JW and CV 06-1730-JW, hereby move for an order that would consolidate both sets of cases, and for an order setting a joint briefing schedule on cross motions for summary judgment in both sets of cases, and for a joint hearing.

Such a consolidation would be in the interest of economy of the Court's and the parties' time, and in the uniform decision of the two sets of cases. While two of the cases involve initiative petitions, and two referendum petitions, all four involve interpretation of § 203 of the Federal Voting Rights Act ("FVRA), 42 U.S.C. § 1973aa-1a(c), and the potential application of *Padilla v. Lever,* 429 F.3d 910 (9th Cir. 2005) to the different types of petitions.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I.   INTRODUCTION

This Court has pending before it the related (and consolidated for summary judgment purposes) cases in *In re Monterey Referendum Cases,* Nos. C 06-2369 JW and C 06-2202 JW. Further, if it has not already been notified, the Court will shortly receive notice form the Ninth Circuit, that *In re Monterey Initiative Cases,* Nos. CV-06-1407 JW and CV 06-1730-JW, has been remanded to the Court for reconsideration in light of *Padilla v. Lever,* 463 F.3d 1046 (9th Cir. 2006). Copies of the remand documents are submitted as Exhibit A with the Declaration of Stephen N. Roberts. Defendants in all the cases believe it would be appropriate to consolidate the two groups for purposes of hearing joint cross motions for summary judgment.

### II.   ANALYSIS

#### A.   This Motion Should Be Decided Without Hearing

Local Rule 7-1(b) provides:

> Motions must be directed to the Judge to whom the action is

assigned, except as that Judge may otherwise order. In the Judge's discretion, or **upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.** (Emphasis added.)

Counsel makes such a request here. The reason is that the Court has pending before it a hearing on December 11 for the summary judgment motions in *In re Monterey Referendum Cases*. That does not leave sufficient time for this to be noticed on a normal schedule. Further, the request is simple enough that it does not seem appropriate to interfere with the Court's schedule by requesting an expedited ex parte hearing on this motion. As an alternative to the Court deciding the motion without hearing, Defendants' counsel would be pleased to make themselves available on the telephone or in person for a case management conference or hearing, should the Court desire.

**B. The Motion Should Be Granted**

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

These cases fall as solidly within the framework of the Rule as any could.

There are no material questions of fact, and the cases involve nearly identical questions of law: interpretation of § 203 of the Federal Voting Rights Act ("FVRA), 42 U.S.C. § 1973aa-1a(c), and the application of *Padilla v. Lever*, 463 F.3d 1046 (9th Cir. 2006) if any, to petitions for initiatives and referenda.

Consolidation would avoid unnecessary costs. First, the Court would only have to deal with one set of motions, and not two. Second, while the parties have already briefed the referendum cases, the amount of work necessary to prepare a joint brief would be limited. After that, the Court, the parties, and any appeal court dealing with the matter, will have to deal with only one set of cases.

While some of the parties are different on the different cases, there are common counsel for each of the cases such that would not add costs to have one party participate in the case of another. If anything, on average each party should save costs by sharing.

The Defendants are caught in each set of cases between two similar types of groups. On the one side, groups of Spanish language voters want to see the petitions circulated in Spanish. On the other side, the groups advancing petitions do not want to see them translated into Spanish for the benefit of voters who have limited English. Consolidating the cases would advance the County's goal of arriving at a uniform set of rules, adjudicated in the courts, that the County could follow.

The only reason not to consolidate the cases would be that consolidation might delay decision on the referendum cases a month or so while the joint group is briefed. However, that minor delay would be insignificant in view of the cost savings and other efficiencies for both the courts and the parties.

### III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request the Court grant the motion, order that the four cases be consolidated, and set a joint briefing schedule for cross-summary judgment motions.

Dated: November 27, 2006        NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP


BY: _____/ S /_____
STEPHEN N. ROBERTS
ATTORNEYS FOR DEFENDANTS/RESPONDENTS