Joaquin G. Avila (State Bar No. 56484)
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (206) 398-4117
Facsimile: (206) 398-4036

Attorney for Plaintiffs
SABAS RANGEL and MARIA BUELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: County of Monterey Initiative Matter<br><br>and<br><br>In re: Monterey Referendum<br><br>Defendants. | CIVIL ACTION NOS.<br>C 06-01407 JW<br>C 06-02202 JW<br><br>**PLAINTIFFS RANGEL, ET AL., MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS RANGEL, ET AL., MOTION FOR AN INJUNCTION PENDING APPEAL OF ORDER DENYING RANGEL PLAINTIFFS' REQUEST FOR THE CONVENING OF THREE JUDGE COURT, GRANTING THE MELENDEZ AND THE RANCHO SAN JUAN OPPOSITION COALITION PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AND ORDERING THE COUNTY OF MONTEREY TO SUBMIT THE INITIATIVE AND REFERENDUM TO VOTERS OF MONTEREY COUNTY AT THE JUNE 5, 2007 COUNTY ELECTION**<br><br>Hearing Date: Not Requested - Submitted on the Papers<br>Time:        Not Applicable<br>Courtroom:   8<br>Judge:       Hon. James Ware |

Plaintiffs move this Court to grant Plaintiffs Rangel, *et al*, Motion for An Injunction

Pending Appeal suspending or modifying the Court's Order Denying Rangel Plaintiffs' Request

In re: County of Monterey Initiative and Referendum
Plaintiffs Rangel, *et al.*, Mem. of Pts. & Auth. In Support of
Motion for Injunction Pending Appeal
Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                                            1

for the Convening of Three Judge Court, Granting The Melendez and the Rancho San Juan Opposition Coalition Plaintiffs' Motion for Summary Judgment, and Ordering the County of Monterey to Submit the Initiative and Referendum to Voters of Monterey County at the June 5, 2007 County Election [hereinafter referred to as "Court's Order." The Rangel Plaintiffs are moving this Court to suspend that part of the Court's Order requiring the placement of the referendum question on the ballot for the June 5, 2007, Monterey County elections or to suspend that part of the Court's Order requiring a referendum election to be conducted in conjunction with the June 5, 2007, Monterey County elections. Alternatively, the Rangel Plaintiffs are moving that the Court modify its Order so that the results of the referendum election are not published, tabulated, or certified pursuant to applicable state law until the issues presented by the appeal anticipated to be filed by the Rangel Plaintiffs are adjudicated.

The Rangel Plaintiffs' Motion is based upon Federal Rule of Civil Procedure 62(c). This Rule provides in relevant part for the filing of a motion seeking a suspension, modification, restoration, or the granting of an injunction during the pendency of an appeal.[1] The standards for adjudicating a motion filed pursuant to Rule 62(c) are the same standards utilized for securing a preliminary injunction. Based upon these standards, the moving parties must show probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips in favor of the moving parties. In addition courts may consider

---

[1] F.R.Civ.Pro. 62(c) provides:
   When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. If the judgment appealed from is rendered by a district court of three judges specially constituted pursuant to a statute of the United States, no such order shall be made except (1) by such court sitting in open court or (2) by the assent of all the judges of such court evidenced by their signatures to the order.

In re: County of Monterey Initiative and Referendum
Plaintiffs Rangel, *et al.*, Mem. of Pts. & Auth. In Support of
Motion for Injunction Pending Appeal
Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                                      2

the public interest.[2]  The Rangel Plaintiffs contend that these standards are met.

The Rangel Plaintiffs argue that this action to enforce the language translation requirements of Section 203 of the Voting Rights Act of 1965, as amended in 2006 [hereinafter cited as "Act"], 42 U.S.C. § 1973aa-1a(c), requires the convening of a three judge court pursuant Section 204 of the Act, 42 U.S.C. § 1973aa-2.  Although Section 204 specifically refers to actions initiated by the United States Attorney General, the Rangel Plaintiffs contend that a private right of action to enforce Section 203 is implied pursuant to Section 204 and thus the convening of a three judge court is also required.  The argument advanced by the Rangel Plaintiffs is consistent with the statutory framework established by Congress to enforce the various provisions of the Act.  In both Sections 204 and Section 5, 42 U.S.C. § 1973c,[3] of the Act, the convening of a three judge court is required.  In both sections, there was not an explicit authorization for the initiation of private actions to enforce Sections 5 and 204.  Yet, the absence of such explicit statutory language in Section 5 did not prevent the United States Supreme Court

---

[2] *Tribal Village of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988) ("In determining whether to stay the injunction, we apply the standard employed by district courts when considering a motion for a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983). In this circuit, to meet the criteria for preliminary injunctive relief, the moving party must demonstrate ' "either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." ' *Los Angeles Memorial Coliseum Comm'n v. NFL,* 634 F.2d 1197, 1201 (9th Cir.1980). The court may also consider the public interest in certain cases. *Id.* at 1200.").

[3] Under Section 5, certain covered jurisdictions, such as Monterey County, California, must submit for approval any change affecting voting , adopted or implemented after a specified date, to either the United States Attorney General or the United States District Court for the District of Columbia.  The burden is upon the covered jurisdiction to demonstrate that the submitted change affecting voting was not adopted pursuant to a discriminatory purpose and does not have a discriminatory effect on minority voting strength.  Absent Section 5 approval, the change affecting voting cannot be implemented in any election. *See generally*, *Lopez v. Monterey County*, 519 U.S. 9, 20 (1996).

In re: County of Monterey Initiative and Referendum
Plaintiffs Rangel, *et al.*, Mem. of Pts. & Auth. In Support of
Motion for Injunction Pending Appeal
Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                                  3

in *Allen v. State Board of Elections*, 393 U.S. 544 (1969) from concluding that a private right of action was implied in Section 5 and that the convening of a three judge court was required to adjudicate such private actions. A similar result is warranted with Section 204. Since Section 204 requires the convening of a three judge court in actions initiated by the United States Attorney General, a private action filed to enforce Section 203 should also be heard before a three judge court.

In enacting the statutory framework for the Act, Congress deliberately designated those sections that would require the convening of a three judge court. For example, three judge courts are required to adjudicate claims arising from actions filed pursuant to Section 4 to bailout[4] from the Section 5 preclearance provisions, from actions to enforce the prohibition against the poll tax pursuant to Section 10,[5] from actions to require compliance with the Section 5 preclearance

---

[4] Section 4, 42 U.S.C. § 1973b(a)(1), permits Section 5 covered jurisdictions to file an action in the United States District Court for the District of Columbia seeking an exemption from further Section 5 compliance. Such actions are known as bailout actions. Bailout actions are required to be heard before a three judge court. 42 U.S.C. § 1973b(a)(5).

[5] 42 U.S.C. § 1973h. Section 10 prohibits the implementation of a poll tax that serves as a pre-condition for registering to vote or voting. Actions to enforce Section 10 require the convening of a three judge court. 42 U.S.C. § 1973h. As a result of the Twenty-Fourth Amendment to the United States Constitution prohibiting the implementation of poll taxes (U.S. Const. Amend. XXIV, Section 1: "The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State by reason of failure to pay any poll tax or other tax.") there has been no recent litigation dealing with the imposition of such a tax as a prerequisite for voter registration or voting. However, a registration fee charged by a political party to attend a convention to nominate a candidate for the United States Senate was challenged on the grounds that such a fee constituted a poll tax in violation of Section 10. On appeal to the United States Supreme Court, the Court did not reach the merits of whether Section 10 prohibits these fees but a majority did conclude that private parties can institute actions pursuant to Section 10. *Morse v. Republican Party of Virginia*, 517 U.S. 186 (1996).

In re: County of Monterey Initiative and Referendum
Plaintiffs Rangel, *et al.*, Mem. of Pts. & Auth. In Support of
Motion for Injunction Pending Appeal
Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                    4

requirements,[6] to actions to enforce the protections provided by Section 203.[7] Most significantly, Congress chose not to require the convening of a three judge court in actions to enforce Section 2 of the Act.[8] In assessing whether to require the convening of a three judge court to enforce certain sections of the Act, Congress recognized that a three judge court was necessary to assure effective enforcement of the Act with minimal intrusion into a state's significant interest in the administration of its electoral process. For the language translation requirements that assessment was made in 1975 when the Act was reauthorized.[9]

Congress recognized that requiring compliance with the language translation requirements of Section 203 would intrude into a state's interest in the administration of its election laws. Accordingly, a three judge court was required. Such an intrusion is no different when the action is initiated by a private party. The remedies afforded by a successful prosecution of a Section 203 claim are the same irrespective of whether the action is initiated by the United States Attorney General or a private party. Thus, the finely calibrated congressional assessment incorporated with the 1975 reauthorization regarding the balance to be struck between the significant federal interest in protecting the right to vote and a state's interest in the administration of its election laws is preserved by requiring the convening of a three judge court

---

[6] *See Lopez v. Monterey County*, *supra* note 3.

[7] Section 204 of the Act, 42 U.S.C. § 1973aa-2.

[8] 42 U.S.C. § 1973. Pursuant to Section 2, minority voters can challenge a pre-requisite to voting, a voting qualification, a standard, practice, or procedure that discriminates against minority voting strength. *See*, *e.g.*, *Gomez v. City of Watsonville*, 863 F.2d 1407 (9th Cir. 1988) (challenge to an at-large method of election), *reversing*, Civ. Act. No. WAI C-85-20319 (N.D.Cal. 1985), *cert. den.*, 489 U.S. 1080, 109 S.Ct. 1534 (1989).

[9] Pub.L. 94-73, Title III, § 303, 89 Stat. 403, Aug. 6, 1975.

In re: County of Monterey Initiative and Referendum
Plaintiffs Rangel, *et al.*, Mem. of Pts. & Auth. In Support of
Motion for Injunction Pending Appeal
Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                                5

in private actions to enforce Section 203.[10]

Based upon the above analysis, the Rangel Plaintiffs contend that they are entitled to injunctive relief pending appeal pursuant to F.R.Civ.Pro. 62(c). The Rangel Plaintiffs have met the standard of probable success on the merits. Moreover the Rangel Plaintiffs will suffer irreparable injury by participating in an election that violates federal law. Alternatively, the Rangel Plaintiffs have demonstrated that a serious question of law is presented and that the balance of hardships tips in favor of the Rangel Plaintiffs. Finally, the granting of this injunctive relief will be in the public interest since the Rangel Plaintiffs are seeking to enforce a federal statute that has served to prevent the implementation of discriminatory electoral devices and procedures that discriminate against racial, ethnic, and language minorities in their exercise of the right to vote.

At this juncture, the Rangel Plaintiffs are requesting the following alternative forms of injunctive relief. First, the Rangel Plaintiffs are requesting that the Order issued by this Court be suspended insofar as the Order requires the printing of the referenda question on the ballot for the upcoming June 5, 2007, election. Given that the deadline for such printing is Monday, April 9, 2007, there may be insufficient time for the Court to act on this request. However, the Rangel Plaintiffs are presenting this request for purposes of preserving any arguments on appeal. Second, the Rangel Plaintiffs are requesting that the Order issued by this Court be suspended insofar as the Order requires the referenda question election to be held in conjunction with the June 5, 2007, election. Should the Court grant this request, the County could proceed with its scheduled election. However, voters would be instructed not to cast a ballot for the referenda question. Third, the Rangel Plaintiffs are requesting that the Order issued by this Court be

---

[10] Since the Rangel Plaintiffs contend that a three judge court should have been convened pursuant to Section 204, the Court's Order filed on March 29, 2007 was not authorized by 28 U.S.C. 2284(b)(3).

In re: County of Monterey Initiative and Referendum
Plaintiffs Rangel, *et al.*, Mem. of Pts. & Auth. In Support of
Motion for Injunction Pending Appeal
Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                                    6

modified insofar as the Order requires the election of the referenda question to proceed. If the election is held, the Rangel Plaintiffs are requesting that the results of the election should not be published, tabulated, or certified as required under applicable state law until the appeal in this case is completed.

These three alternatives provide a mechanism for preserving the voting rights of the Rangel Plaintiffs without unduly intruding into the County's administration of its electoral process. The most minimal intrusion into the County's interest in administering its elections is the third alternative. Under the third alterantive the electoral process could proceed; however the results of the elections would not be given any effect until the appellate process is completed.

For these reasons, the Rangel Plaintiffs move for the granting of injunctive relief pending appeal.

Dated: April 6, 2007                                        Joaquin G. Avila

   /s/ Joaquin G. Avila

Attorney for Plaintiffs

In re: County of Monterey Initiative and Referendum
Plaintiffs Rangel, *et al.*, Mem. of Pts. & Auth. In Support of
Motion for Injunction Pending Appeal
Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                    7