IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re County of Monterey Initiative Matter,<br>In re Monterey Referendum. | NO. C 06-01730 JW<br>NO. C 06-02369 JW<br><br>**ORDER GRANTING AN AWARD OF ATTORNEY FEES UNDER FEDERAL AND STATE LAW; REFERRING TO THE MAGISTRATE JUDGE FOR A REPORT AND RECOMMENDATION ON THE REASONABLE AMOUNTS TO BE AWARDED** |

## **I. INTRODUCTION**

These consolidated cases involve citizen-sponsored materials which were circulated to see if the required number of signatures of registered voters could be obtained to place measures on a ballot. Both measures' proponents distributed English-only materials. When Monterey County did not place the measures on the ballot, the measures' proponents filed actions in state court, seeking to have the measures placed on the ballot. Monterey County removed the actions to federal court, alleging that the measures failed to comply with the language provisions of the Voting Rights Act of 1965, 42 U.S.C. §§ 1973 *et seq.*

Presently before the Court are Motions for an Award of Attorney Fees and Costs of William Melendez, Ken Gray, Jyl Lutes, Carolyn Anderson, and LandWatch Monterey County (collectively, the "Melendez Plaintiffs") and Rancho San Juan Opposition Coalition, Citizens for Responsible

Growth, and Julie Engell (collectively, the "Rancho Plaintiffs").[1]  The Court conducted a hearing on October 29, 2007.  Based on the papers submitted to date and oral arguments at the hearing, the Court GRANTS Plaintiffs' Motions for an Award of Attorney Fees and Costs and refers to Magistrate Judge Seeborg for report and recommendation on the reasonable amounts to be awarded.

## II.  BACKGROUND

The material facts are summarized in the Court's previous orders.[2]  The Court reviews the facts as detailed in its May 17 Order.

**A.**     ***In re County of Monterey Initiative Matter***[3]

A group of Monterey County citizens drafted an initiative ("Initiative") that would revise County land use and zoning laws; the Initiative's proponents circulated materials for voters' signatures in English only.  On February 24, 2006, a group of Spanish-speaking citizens sued the County in this Court pursuant to the Voting Rights Act.  On February 28, 2006, the County's Board of Supervisors ("the Board") voted not to place the Initiative on the ballot.  On March 1, 2006, the Melendez Plaintiffs filed a mandamus action in Monterey County Superior Court, alleging that the County had a ministerial duty to place the Initiative on the ballot.  On March 7, 2006, the County removed the Melendez Plaintiffs' action to this Court pursuant to 28 U.S.C. § 1443(2), alleging that

---

[1] Since the Melendez Plaintiffs and the Rancho Plaintiffs were both represented by the same law firm, the Court refers to them collectively as "Plaintiffs."

[2] (See Order Denying County's Motion to Clarify or Alter Judgment, hereafter, "May 17 Order," Docket Item No. 67; see also Order Denying Rangel Plaintiffs' Request for Convening of a Three Judge Court; Granting the Melendez and the Rancho San Juan Opposition Coalition Plaintiffs' Motion for Summary Judgment; and Ordering the County of Monterey to Submit the Initiative and Referendum to Voters of the Monterey County at the June 5, 2007 County Election, hereafter, "March 29 Order," Docket Item No. 59; Summary Judgment, hereafter, "Judgment," Docket Item No. 60.)  Citations in this Order are to the docket in Case No. C 06-01730 JW unless otherwise noted.

[3] Rosario Madrigal, et al., v. The County of Monterey, et al., No. C 06-01407 JW and William Melendez, et al., v. Board of Supervisors of the County of Monterey, et al., No. C 06-01730, consolidated as "*In re County of Monterey Initiative Matter*."

1 the Initiative was invalid because it failed to comply with the language provisions of the Voting
2 Rights Act.

### B. *In re Monterey Referendum*[4]

In November 2005, the Board passed a resolution to amend certain provisions of, *inter alia*, the Monterey County General Plan ("Resolution"). The plaintiffs in the Rancho San Juan Opposition Coalition action began circulating a referendum ("Referendum") against the Resolution for voters' signatures, printed only in English. The Board ordered that the Referendum be placed on the June 2006 ballot. In response, Sabas Rangel and Maria Buell sued the County in this Court alleging violation of the Voting Rights Act. On March 28, 2006, the Board withdrew the Referendum from the June ballot. On April 3, 2006, the Rancho Plaintiffs filed a state law action to compel the County to place the Referendum on the ballot. On April 6, 2006, the County removed the Rancho Plaintiffs' action to this Court pursuant to 28 U.S.C. § 1443(2), alleging that the Referendum was invalid because it did not comply with the language provisions of the Voting Rights Act.

### C. **Procedural History**

On cross-motions for summary judgment, the Court found that citizen-sponsored petitions in the County were not required to be made available in both English and Spanish, pursuant to the Ninth Circuit's *en banc* ruling in Padilla v. Lever, 463 F.3d 1046 (9th Cir. 2006). The Court ordered the County to submit the Initiative and the Referendum to the voters at the June 5, 2007 county election. The Court's Judgment specifically stated, "The Plaintiffs [Melendez and Rancho] are entitled to recover reasonable costs and fees." Id. The Defendants moved for an order to clarify the judgment, contending that Plaintiffs should not be granted an award of fees. The Court denied the

---

[4] Sabas Rangel, et al., v. County of Monterey, et al., No. C 06-02202 JW and Rancho San Juan Opposition Coalition, et al., v. Board of Supervisors of the County of Monterey, et al., No. C 06-02369, consolidated as "*In re Monterey Referendum.*"

3

motion, and upheld the award of fees under the Federal Voting Rights Act. The Court did not reach whether the Plaintiffs were also entitled to fees under the applicable state law.

Presently before the Court are Plaintiffs' Motions for an Award of Attorney Fees and Costs.

## III.  DISCUSSION

**A.  Entitlement to Award under Federal Law**

Defendants contend that it was improper for the Court to award fees to the Plaintiffs under 42 U.S.C. § 1973l(e). (Defendants' Opposition to Plaintiffs' Motions for Awards of Attorney Fees and Costs at 10, hereafter, "Opposition," Docket Item No. 81.)

The Court has already twice addressed this very issue. (See March 29 Order; May 17 Order.) Section 1973l(e) provides, "In any action or proceeding to enforce the voting guarantees of the Fourteenth or Fifteenth Amendment the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." In its May 17 Order, the Court found, "When the County invoked the Voting Rights Act, the Melendez and Rancho actions became actions to enforce the voting guarantees of the Fourteenth Amendment. Accordingly, as the prevailing parties, Plaintiffs are entitled to reasonable fees and costs." (May 17 Order at 5.)

Accordingly, the Court GRANTS Plaintiffs an award of attorney fees and costs under § 1973l(e).

**B.  Entitlement to Award under State Law**

Defendants contend that the Court made it clear in its May 17 Order that it was awarding fees under federal law, not California state law, and thus, the Court cannot award a Lodestar multiplier pursuant to state law. (Opposition at 10.)

The language that the Court used in its May 17 Order, however, does not support this contention. The Court found that because "Plaintiffs are entitled to recover attorneys' fees under the federal Voting Rights Act, the Court need not address" whether Plaintiffs may also receive fees pursuant to state law. (May 17 Order at 5-6.) Since the parties now place the application of state law firmly in contention, the Court finds it appropriate to address whether state law does apply in

4

considering Plaintiffs' fee award. (Plaintiffs Melendez et al.'s Motion for an Award of Attorney Fees and Costs at 3 n.2, hereafter, "Motion," Docket Item No. 73;[5] Opposition at 10.)

The California Code of Civil Procedure § 1021.5 permits an award of attorney fees to a prevailing party in an action under California state law when "the litigation enforced an important right affecting the public interest, . . . a significant benefit was conferred on a large class of persons, and . . . the necessity and financial burden are such that an award of attorney's fees is appropriate." See Keith v. Volpe, 858 F.2d 467, 486 (9th Cir. 1988).

One issue is whether Plaintiffs were a prevailing party in a action under California state law. In the Melendez and Rancho San Juan Opposition Coalition Complaints, Plaintiffs alleged claims arising out of the California Constitution, Article II § 11 and California Elections Code § 9118 and § 9145, seeking for injunctive relief. (See, e.g., Notice of Removal, Ex. A ¶¶ 24-30, Docket Item No. 1.) In its March 29 Order, the Court found it would be inefficient to bifurcate the state and federal law issues in the case, and held the Referendum and Initiative were not subject to the Federal Voting Rights Act. (March 29 Order at 16.) However, it would be incorrect to say the Court resolved the case based solely on federal law because the Court granted the injunctive relief that Plaintiffs requested under state law. (Id.) Thus, while not stated explicitly, the Court necessarily found that Plaintiffs succeeded on their state law causes of action. Accordingly, the Court finds that Plaintiffs were a prevailing party in a action under California state law.

Another issue is whether Plaintiffs enforced an important right affecting the public interest that conferred a significant benefit on a large class of persons. The right of individuals to vote on a particular issue is considered an important right under § 1021.5. See, e.g, Wal-Mart Real Estate Business Trust v. City Council of City of San Marcos, 132 Cal. App. 4th 614, 623 (2005). Plaintiffs were successful in obtaining an injunction that required Monterey County to place the Initiative and Referendum measures on the county ballot. (See March 29 Order.) By placing the Initiative and

---

[5] Since the Rancho Plaintiffs' Motion for An Award of Attorney Fees and Costs is almost identical to the Melendez Plaintiffs' motion, the Court will cite solely to the Melendez Plaintiffs' motion. (See Docket Item No. 99, No. C 06-02369.)

5

1 Referendum measures on the ballot, Plaintiffs allowed the people of Monterey County to cast their
2 vote on an issue of public concern.  Accordingly, the Court finds that Plaintiffs enforced an
3 important right affecting public interest that conferred a significant benefit on a large class of
4 persons.

5       The last issue is whether the necessity and financial burden are such that an award of
6 attorney fees is appropriate.  Plaintiffs' lawsuit was necessary to vindicate the rights of those who
7 wished to vote on the Initiative and the Referendum because Monterey County did not intend to
8 place the measures on the ballot.  The Melendez Plaintiffs' are financially burdened as they can only
9 afford to pay $60,000 in fees.  (Declaration of Mechael J. Strumwasser in Support of Plaintiffs
10 Melendez et al.'s Motion for Attorney Fees ¶ 11.)  The Rancho Plaintiffs' cannot afford to pay any
11 fees.  (Declaration of Michael J. Strumwasser in Support of Plaintiffs Rancho San Juan Opposition
12 Coalition et al.'s Motion for an Award of Attorney Fees ¶ 10.)  Thus, the Court finds that the
13 necessity and financial burden factors make award of attorney fees appropriate.

14       Accordingly, the Court GRANTS Plaintiffs an award of attorney fees and costs under
15 California state law, § 1021.5.

16 **C.**     **Determination of Reasonable Attorney Fees**

17       After finding that a plaintiff is entitled to fees, "[i]t remains for the district court to determine
18 what fee is reasonable."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The law is well-
19 established that the starting point for determining the amount of an attorney fee award is to calculate
20 the "Lodestar."  Id.; Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  A court
21 calculates the Lodestar by "multiplying the number of hours the prevailing party reasonably
22 expended on the litigation by a reasonable hourly rate."  Id.

23       The Court refers this portion of the motion to Magistrate Judge Seeborg for a report and
24 recommendation on the reasonable amounts to be awarded.

6

## IV. CONCLUSION

The Court GRANTS Plaintiffs' Motions for an Award of Attorney Fees and Costs under § 1973l(e) and § 1021.5. The Court refers to Magistrate Judge Richard Seeborg for a report and recommendation on the reasonable amounts to be awarded. Any supplemental briefing regarding departures from the Lodestar method shall be filed and lodged with Judge Seeborg's Chambers within fifteen (15) days from the date of this Order.

Dated: November 9, 2007

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Fredric Dean Woocher fwoocher@strumwooch.com
Joaquin Guadalupe Avila avilaj@seattleu.edu
Leroy W. Blankenship blankenshipl@co.monterey.ca.us
Mark J. Austin maustin@rutan.com
Michael J. Stumwasser mstrumwasser@strumwooch.com
Michael Jay Strumwasser mstrumwasser@strumwooch.com
Stephen Norvell Roberts sroberts@nossaman.com

**Dated:  November 9, 2007**                              **Richard W. Wieking, Clerk**

                                                          **By:   /s/ JW Chambers**
                                                                 **Elizabeth Garcia**
                                                                 **Courtroom Deputy**

**United States District Court**
For the Northern District of California